Campbell *et al. v.* Dwiggins, Treasurer, *et al.*

No. 10,258.

CAMPBELL ET AL. *v.* DWIGGINS, TREASURER, ET AL.

CONSTITUTIONAL LAW.—*Construction of Statute.*—*Supreme Court.*—In considering the constitutionality of a statute, it has been and is the rule of the Supreme Court to construe and interpret its provisions, if it can be done, in such manner as will sustain and not defeat the law in question.

SAME.—*Legislative Power.*— *State and Federal Constitutions.*—*Acts of Congress and Treaties.*—*Duty of Courts.*—The authority of the Legislature of this State is the right to exercise supreme and sovereign power, subject to no restrictions except those imposed by the State or Federal Constitution, or by acts of Congress or treaties made under and pursuant to the Federal Constitution; but where it clearly appears that a statute is repugnant to, or in conflict with, any provision of either the State or Federal Constitution, the legislation can not be upheld, and it is the plain duty of the courts to declare it null and void.

SAME.—*Drainage.*—*Repairs of Ditches.*—*Township Trustee.*—Sections 4282 and 4307, R. S. 1881, providing for the repairs of ditches or drains by township trustees, are repugnant to and in conflict with section 12 of the Bill of Rights in the State Constitution, and to section 1, of article 14, in the Federal Constitution, and are, therefore, null and void.

From the Montgomery Circuit Court.

*A. D. Thomas, G. D. Hurley* and *B. Crane*, for appellants.

*P. S. Kennedy, W. T. Brush, M. D. White, G. W. Paul* and *J. E. Humphries*, for appellees.

HOWK, J.—In this case the appellants, thirty-eight in number, sued the appellees, the treasurer of Montgomery county, Madison township, of said county, and Thomas Wilson, trustee of said township, and Sugar Creek township, of said county, and James M. Griffin, trustee of the last named township, in a complaint of one paragraph. The joint demurrer of the appellees to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was sustained by the court. The appellants excepted to this decision, and, declining to amend their complaint, the court rendered judgment against them for the appellees' costs.

The decision of the circuit court, in sustaining the demurrer to their complaint, is the only error assigned by the appellants in this court. This error calls in question the sufficiency of the facts stated in the complaint to constitute a cause of action, in favor of the appellants. In their complaint they alleged, in substance, that they were severally the owners of real estate in Madison township, in the county of Montgomery, and were citizens of said county and the persons mentioned in certain pretended statements of assessments of real estate in said township, thereinafter fully set out; that, in the years 1869 and 1870, the Lye Creek Drainage Association, formed and organized under the provisions of the act of May 22d, 1869, to authorize and encourage the construction of levees, dikes and drains, etc. (Acts 1869, Spec. Sess., p. 82), constructed through said Madison and Sugar Creek townships a ditch or drain, and that the lands of the appellants, particularly described in said pretended statements, were assessed for the cost and expense of the construction of said ditch or drain and its several tributaries; that, on the 12th day of October, 1881, the appellee Wilson, as the trustee of Madison township, employed one Charles Dilden to clean out and put in proper repair the main line and the several tributaries of said ditch or drain; and that, to raise the money necessary to pay for the cleaning out and repairing of said ditch or drain, the said Wilson, as such trustee, apportioned and assessed the estimated cost thereof

upon the lands in said township which, in his opinion, would be benefited by such repairing and cleaning, according to his opinion of the benefits received by each tract of land on account of the repairing and cleaning out of said ditch or drain, and, on the 14th day of December, 1881, made out a pretended statement of such assessments, and, on said day, delivered the same to the auditor of said county, and which pretended statement was in the words and figures following: (Here followed a copy of the statement of assessments.)

This statement was addressed to the auditor of Montgomery county, and therein the appellee Wilson, trustee of Madison township, certified "that, for the repair of certain works heretofore made for the drainage of lands, to wit, the Lye Creek ditch and tributaries, he has apportioned, to cover the costs of such repairs, against lands benefited thereby, as below, said lands being in said county and State, and in township 20 north, of range 4 west." And then follows a list of "Names of Owners," with the "Description of Lands," and the amounts of the assessments, in dollars and cents, set opposite the names of the respective owners; and the statement is signed, "Thomas Wilson, trustee Madison township."

The appellants then alleged, that under and in pursuance of said pretended statement of said assessment, and on no other authority or proceedings whatever, the auditor of said county made out a special tax duplicate, embracing all the lands in said pretended statement described, together with the names of the owners of said lands, and extended them on and assessed each of said tracts of land with the amounts in said pretended statement set opposite thereto, and that said special tax duplicate had no other tax or assessment whatever therein; that on the — day of January, 1882, at the request of the appellee James M. Griffin, he and the appellee Wilson met at the latter's office in Madison township, and then proceeded to apportion upon and assess said lands with an additional amount of benefits received by the same cleaning out and repairing of said ditch and tributaries, on account of which said lands

had theretofore been assessed as aforesaid by said Wilson; and that on the 27th day of January, 1882, the said Wilson and Griffin, as trustees, jointly made out and delivered to the auditor of said county a pretended statement of said last assessment, in the words and figures following: (And here followed a copy of said last statement of assessment.)

This statement was also addressed to the auditor of the county, and the trustees of Madison and Sugar Creek townships jointly certified, " that for the repair of certain works heretofore made for the drainage of lands, in said townships, they have apportioned, to cover the costs of such repairs, against the lands below, in said Montgomery county, in township 20, in range 4 west, and in township 20, in range 3 west, the said cost being for the repair of the Lye Creek drain and its tributaries, and the said assessment being on the lands benefited by said repair as follows," and then follows a list of assessments, similar in form to the one annexed to the first assessment. At the close of the last assessment the two trustees jointly certified, that at the request of said Griffin, trustee of Sugar Creek township, they met together in Madison township, at the office of said Wilson, trustee of said township, and viewed the lands assessed, and jointly made the said assessment; and that they assessed the lands in Madison township the amounts they believed them benefited by the repairing of the Lye Creek drain, in said Sugar Creek township, the outlets for said drain and tributaries being in the latter township, and that the lands assessed were benefited by the repair of said drain. This certificate was signed by the trustee of each of said townships.

The appellants further alleged, that the appellee Wilson owned, and for ten years last past had owned, real estate in said Madison township, which was affected by said ditch or drain, and was by him, as such trustee, actually assessed for its estimated share of the costs of said cleaning out and repairs of said ditch or drain; that, under and in pursuance of said last statement of such assessment, and on no other au-

thority or proceeding whatever, the auditor of said county made out a second special tax duplicate, embracing all the lands in said last pretended statement described, together with the names of the owners of said lands, and extended them on and assessed each of said tracts of land with the amount in said last pretended statement set opposite thereto; and that said last special tax duplicate had no other tax or assessment whatever thereon; that the said auditor, on or about the — day of January, 1882, delivered said special tax duplicate into the hands of the appellee Dwiggins, as the treasurer of said county, for collection, as State and county taxes were to be by him collected; and that said special assessments were each an apparent lien and cloud upon the said lands of the appellants; that the said treasurer was about to proceed with said special duplicate to collect said taxes or assessments off of the property of the appellants severally, and would so collect the same unless restrained by the judgment and decree of the court.

Wherefore the appellants prayed that said special tax duplicates and the assessments therein contained, and the said proceedings of the said trustees, might be, each and all, declared null and void; and that the said treasurer and his successors in office might be perpetually enjoined from collecting said taxes or special assessments, and for other proper relief.

It will be observed from the facts stated in the appellant's complaint, that the proceedings of the township trustees complained of therein were had, after the acts of the General Assembly in 1881 had taken effect and were in force. There were two of those acts on the general subject of drainage; one approved April 8th, 1881, entitled "An act concerning drainage," and the other approved April 21st, 1881, entitled "An act to enable the owners of lands to drain and reclaim them when the same can not be done without affecting the lands of others, prescribing the powers and duties of county commissioners, and other officers in the premises, and to provide for the repair and enlargement of such drains, and repealing certain acts therein specified, and declaring an emer-

gency." In section 11 of the first of these two acts it was provided that all laws then in force, within the purview of that act, were thereby repealed, except the act of the General Assembly approved March 9th, 1875 ; and, in section 35 of the last act of April 21st, 1881, it was provided that all laws then in force, within the purview of that act, were thereby repealed, " except laws passed at the present session of this General Assembly." Acts 1881, pp. 404, 422. Each of these two acts contains a single section on the subject of the repair of ditches or drains. These two sections contain the same provisions, expressed in precisely the same language, and differ only in their respective numbers—being section 10 in the first, and section 23 in the last, of the two acts. Sections 4282 and 4307, R. S. 1881.

The proceedings of the township trustees, complained of by the appellants in this action, were manifestly had under and in conformity with the provisions of one or both of these two sections. Each of the two sections reads as follows :

"After the construction of any such work, the township trustee of such township in which the same is, or any part thereof, shall keep the same, or such part thereof, in proper repair and free from obstructions, so as to answer its purpose, and pay for the same out of the general township fund, and to raise the necessary money to reimburse that fund, he shall apportion and assess the cost thereof upon the lands which will be benefited by such repairs or removal of obstructions, according to such benefits in his judgment. He shall make a statement of such assessment, and deliver the same to the auditor of the county, who shall put the same upon the succeeding tax duplicate, and it shall be a lien upon the lands, and be collected in the same manner as State and county taxes. The provisions of this section shall also apply to all works constructed for the purpose of drainage under any law now or heretofore in force in this State. If he shall be of the opinion that such assessment, or any part thereof, ought to be charged to lands in other townships, the trustees thereof shall,

on request, meet with him at a time and place by him appointed, and they shall jointly make such assessments and certificate to the auditors of the proper counties. A majority of such trustees as attend any such meeting, shall have power to act and to decide any question, and to make the assessments and certificates. And upon failure of any township trustee to perform the work required of him by this section, after ten days' notice in writing to him by any person interested, he shall be liable, with his sureties on his official bond, for all damages caused by such failure to perform his duty, to be recovered by the person or persons damaged. He shall also be deemed guilty of a misdemeanor, and on conviction thereof, fined not less than ten nor more than fifty dollars."

There is not, in either of the said two acts of 1881, any other section, clause or provision in relation to the repairs of ditches or drains, except the sections 10 and 23 above referred to, and except the above quoted provisions of those two sections. The two sections severally stand alone in the acts wherein they are respectively found; that is, they are not, nor is either of them, aided in any manner by their context or by any of the provisions of the said two acts, or of either of them. The general provisions of each of the said two acts have reference only to the construction of ditches and drains, and the necessary legal proceedings in connection therewith; but, from the enacting clause to the final words of either of the said acts, there is no possible connection between their general provisions and the above quoted provisions of sections 10 and 23 of the respective acts, except such as results from the juxtaposition of the respective sections, and the fact that the subject thereof is "ditches and drains." It may be remarked that the proceedings of the township trustees, as set forth in the appellants' complaint, seem to us to conform in every material particular to the provisions of the two sections 10 and 23 of the above entitled acts; and that, if those sections can be regarded as valid enactments, the decision and judgment below are right and must be affirmed. This brings us to the

consideration of the important and controlling question in this case, namely: Are sections 10 and 23 of the above entitled acts constitutional and valid enactments?

"The appellants insist" (say their counsel, in argument), "that sections 10 and 23 are unconstitutional and void, because they are in open violation of the State and Federal Constitutions. They each violate the familiar constitutional provision, that no man's property shall be taken without due process of law."

In considering the constitutionality of a legislative act, it has been the uniform rule in this court to construe and interpret the provisions of the act, if it can be done, in such manner as will sustain and not defeat the law in question. "The legislative authority of this State is the right to exercise supreme and sovereign power, subject to no restrictions except those imposed by our own constitution, by the Federal constitution, and by the laws and treaties made under it. This is the power under which the Legislature passes all laws." *Beauchamp* v. *State,* 6 Blackf. 299. *Maize* v. *State,* 4 Ind. 342; *Fry* v. *State,* 63 Ind. 552; *Clare* v. *State,* 68 Ind. 17; *McComas* v. *Krug,* 81 Ind. 327. But, where it clearly appears, that the legislation is repugnant to, or in conflict with, any provision of either the State or Federal constitution, such legislation can not be upheld, and it is the plain duty of the courts to declare it null and void.

The two sections of the statutes, 10 and 23, now under consideration, clothe the township trustee with absolute, unlimited and final power in keeping the ditches or drains, or the parts thereof, in his township, "in proper repair and free from obstruction." He determines the necessity for such repairs and removal of obstructions, "and the costs thereof;" and his determination is final. He apportions and assesses such costs upon the lands which will be benefited by such repairs or removal of obstructions, "according to such benefits in his judgment;" and his apportionment, assessment and

judgment are alike final and conclusive. He makes a statement of such assessment and delivers the same to the county auditor, who puts the same upon the succeeding tax duplicate, and it becomes a lien upon the lands and is "collected in the same manner as State and county taxes." Each and all of these proceedings are strictly *ex parte,* and the owner of the lands affected thereby is not given "his day in court," as to any of such proceedings in either of the sections 10 or 23. There is no provision in either of these sections, or in either of the acts in which such sections respectively appear, for any appeal from any decision, assessment or proceeding of the township trustee, touching the repair or removal of obstructions from any ditch or drain, by any owner of lands affected thereby, to any court, or for any trial or hearing of the grievances, if any, of such owner.

We are of the opinion, therefore, that sections 10 and 23 of the above entitled acts are clearly repugnant to, and in conflict with, the provision of section 12 of the Bill of Rights, in our State constitution, that "every man, for injury done to him in his person, property, or reputation shall have remedy by due course of law." Section 57, R. S. 1881. These sections 10 and 23 seem to us, also, to be repugnant to the provision in section 1, of article 14, in the Federal constitution, as follows: "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Section 39, R. S. 1881. The phrase, "due course of law," or "due process of law," in the State and Federal constitutions, has a meaning which it is sometimes difficult to ascertain and understand. In the case of *Stuart* v. *Palmer,* 74 N. Y. 183, it was held that a law, imposing an assessment for a local improvement without notice to, and a hearing or an opportunity to be heard on the part of, the owner of the property to be assessed, has the effect to deprive him of his prop-

erty without "due process of law," and is unconstitutional. The learned court said: "Due process of law requires an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights. A hearing, or an opportunity to be heard, is absolutely essential. We can not conceive of due process of law without this. In his argument in the *Dartmouth College Case* (4 Wheat. 519), Webster defines 'due process of law' as a proceeding 'which proceeds upon inquiry and renders judgment only after trial.'"

In every system of assessment and taxation, it seems to have been the general rule in this country to provide that the person to be assessed shall be notified and given an opportunity to be heard at some time in the progress of the proceeding; and this is required by "due process of law." *Westervelt* v. *Gregg*, 12 N. Y. 202; *Butler* v. *Supervisors of Saginaw Co.,* 26 Mich. 22; *Patten* v. *Green*, 13 Cal. 325; *City of Philadelphia* v. *Miller*, 49 Pa St. 440; *Matter of Trustees, etc., School,* 31 N. Y. 574; *Ireland* v. *City of Rochester*, 51 Barb. 414; *In Matter of Ford*, 6 Lans. 92; *Overing* v. *Foote*, 65 N. Y. 263; *Davidson* v. *New Orleans*, 96 U. S. 97.

Our conclusion is, that sections 10 and 23 of the above entitled acts are unconstitutional and void; and that the proceedings of the township trustees under those sections, set out in the appellants' complaint, were unauthorized by law and of no validity. It follows that the court erred, in our opinion, in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause is remanded with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.