Filed Feb. 19, 1886.

---

No. 12,848.

## The State, ex rel. French, *v.* Johnson, Auditor.

DRAINAGE.—*Repairs.*—*Duty of County Surveyor.*—*Payment from County Treasury.*—*Constitutional Law.*—Section 10 of the drainage act of April 6th, 1885 (Acts 1885, p. 129), making it the duty of the county surveyor to keep the ditches, constructed under the drainage laws of the State, in repair, and to certify the cost thereof, including his own per diem, to the county auditor, who shall draw his warrant in favor of the certificate-holder upon the county treasury, the latter to be subsequently reimbursed by assessments against the benefited land-owners, is constitutional.

SAME.—*Mandate to Compel Auditor to Draw Warrant.*—Mandate will lie to compel the county auditor to draw such warrant.

SAME.—*Powers of Surveyor Discretionary and not Judicial.*—The power devolved upon the county surveyor by said section 10 of the drainage act of April 6th, 1885, is not a judicial, but merely a discretionary one, and such as the Legislature has power to confer upon administrative and ministerial officers.

SAME.—*Appropriation.*—The setting apart by section 10 of such act of so much of the county revenue as is necessary to pay the cost of the repairs provided for therein is a sufficient appropriation made by law within section 3, article 10, of the Constitution.

SAME.—*Appeal.*—*Day in Court.*—The appeal to the circuit court authorized by such section from assessments made by the county surveyor is sufficient to afford any aggrieved party a day in court.

From the Gibson Circuit Court.

*T. R. Paxton,* for appellant.

*L. C. Embree,* for appellee.

NIBLACK, C. J.—This was a proceeding by the State, on the relation of George W. French, against John W. Johnson, auditor of Gibson county, for a writ of mandate to compel the latter to draw a warrant on the county treasurer to pay for the repair of a ditch under the provisions of section 10 of the drainage act of April 6th, 1885, Acts 1885, p. 129.

The complaint charged that under the " act to enable the owners of wet lands to drain and reclaim" the same, approved March 9th, 1875, a petition was presented to the board of commissioners of Gibson county, at its June term, 1880, by resident freeholders, praying for the drainage of certain lands in that county by the construction of a ditch therein particularly described; that the board considered the matters presented by such petition and appointed viewers to examine the premises described; that said viewers reported in favor of the proposed drainage, and that it would be a work of public utility and beneficial to the public health; that such other and further proceedings were had in the premises as resulted in the construction and completion of the proposed work, which became known as the " Richland Creek Ditch;" that in August, 1885, Alexander H. Polk, then and still the surveyor of the said county of Gibson, acting under and pursuant to the provisions of the drainage act approved April 6th, 1885, contracted with George W. French, the relator, to clean out and repair the said Richland creek ditch, the same being then out of repair and in places partly

filled up; that the said French had fully performed his contract by cleaning out said ditch, under the supervision of the said Polk, as such surveyor, and restoring the same to its full dimensions, both as to width and depth, as required by the original specifications when it was constructed; that after inspecting and measuring the work so done by the said French, the said Polk, as such surveyor, on the 28th day of November, 1885, executed his certificate in writing, in which and whereby he certified to the said Johnson, as auditor of said county of Gibson, the cost of such work, and that there was due and owing to the said French the sum of $607.37 for the cleaning out and repairing of said ditch as stated; that said French presented said certificate to the said Johnson, auditor as aforesaid, and demanded of him a warrant upon the county treasurer for said sum of money so certified to be due him, the said French; that said Johnson refused, and still refuses, to draw a warrant as he was requested to do, and said sum of money still remains due and unpaid; that there was at the time of the presentation of said certificate, and still is, ample funds in the county treasury, belonging to the county revenue, for the payment of the sum so certified to be due by the county surveyor.

Johnson entered an appearance to the action, and waiving the issuing and service of an alternative writ of mandate, demurred to the complaint. His demurrer was sustained, and final judgment was rendered in his favor upon demurrer.

Section 10 of the act of April 6th, 1885, makes it the duty of the county surveyor to keep the ditches in his county, constructed under any of the drainage laws of the State, now or heretofore in force, in repair to their full dimensions as to width and depth required by the original specifications prescribing their dimensions, and to certify the cost of keeping the same in repair, including his own per diem, to the county auditor of his county, who shall draw his warrant upon the county treasurer in favor of the persons to whom the money

shall be owing for making the repairs, which warrant shall, for the time being, be paid out of the county revenue, the county treasury to be reimbursed by the assessment of the cost of such repairs upon the lands adjudged to have been benefited by the construction of the proper ditch, in like proportion as benefits were assessed against such lands in the first instance for the construction of such work. The section also requires the county surveyor to make a record of such assessments, to be kept in his office, open to public inspection, and to post up written or printed notices of such assessment in three public places in each township in which the assessed lands are situate, and near to the work done in making the repairs, and to note on the record, so to be kept in his office, the times and places of posting up such notices.

An appeal to the circuit court from the proceedings of the county surveyor by any person feeling himself aggrieved is then authorized, such appeal to be tried by the court without a jury, and the only question, to be tried being to determine the cost of the repairs in question, and what amount of such cost should be assessed against the appellant's lands.

The objection made to the sufficiency of the complaint is that the foregoing section of the statute is unconstitutional, and hence ineffectual to support the proceedings to which effect is sought to be given:

*First.* Because the power therein attempted to be conferred upon the county surveyor to certify the cost of repairs caused to be made by him, as well as to the amount of his own per diem, is a judicial power which the Legislature can not confer upon any but a judicial officer.

*Secondly.* Because the section requires money to be paid out of the county treasury in a method other than in pursuance of an appropriation made by law, within the meaning of section 3 of article 10 of the Constitution.

*Thirdly.* Because the mode prescribed by the section of charging the cost of repairs upon adjacent lands, without affording the owners the opportunity of an appeal upon all

questions affecting their interests in the premises, is in derogation of the constitutional rights of such owners.

The duties imposed upon administrative, as well as ministerial officers, pertain to, and are but subordinate parts of, the executive authority of the State. A county surveyor is recognized by section 2 of article 6 of the Constitution as an administrative officer, but his duties are ministerial, as well as administrative.

It is well settled that the Legislature can not confer judicial power upon other than judicial officers. That question was reviewed and carefully considered in the recent case of *Elmore* v. *Overton*, 104 Ind. 548. But the constitutional restraint thus resting upon the Legislature, as to conferring judicial powers upon other than judicial officers, does not prohibit that body from entrusting large discretionary powers, in certain cases, to executive, administrative and ministerial officers in matters pertaining to the duties of their respective offices. The cases in which officers of this class must seek information as to the existence, or non-existence, of certain facts, and must then form a judgment, and act accordingly, upon whatever information they may be able to obtain, are too numerous to be specifically referred to or enumerated. A county superintendent of common schools examines applicants for a license to teach in such schools, and grants or refuses a license in particular cases in the exercise of an official discretion. *Elmore* v. *Overton, supra.*

A sheriff exercises his judgment and a discretion in accepting sureties when taking bail for the appearance of a prisoner in his custody. The county auditor is required to examine and settle certain accounts chargeable against his county, and to draw his warrant for such sums of money as may be found to be due from the county upon such examination and settlement. R. S. 1881, section 5896. Township trustees exercise a discretion in granting or refusing relief to poor persons, or persons claiming to be poor. The discretionary power devolved upon the county surveyor by the section of

the statute under consideration is not greater than, or different in kind from, that exercised in the instances above given. On this subject reference is made to other illustrations contained in the case of *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169. The power so devolved upon the county surveyor is, consequently, not a judicial power.

The section in question sets apart so much of the county revenue of each county, as is necessary for that purpose, to the payment of the cost of keeping the ditches within its limits in repair. That is, in legal effect, an appropriation by law of so much of the county revenues of the several counties as is necessary to keep the ditches of the State in repair.

The appeal authorized from the assessments made by county surveyors for the repair of ditches is as full and complete as is the appeal allowed from the award of appraisers for assessment of damages to lands appropriated for railroad purposes. *Pittsburgh, etc., R. W. Co.* v. *Swinney*, 97 Ind. 586. It is, also, as full and complete as the appeal authorized from assessments made by cities for benefits resulting from the improvement of streets. R. S. 1881, section 3165; *Martindale* v. *Palmer*, 52 Ind. 411. Other similar illustrations might be drawn from appeals permitted in other purely statutory proceedings. See R. S. 1881, section 4301.

The sufficiency of the appeals in these last named cases, to afford an aggrieved party a day in court, has been, at least impliedly, recognized in numerous cases, and is no longer, if it ever was, seriously questioned.

The section of the statute attacked in this case is not, therefore, obnoxious to any of the constitutional infirmities held to exist in the sections of the statute referred to, and ruled upon, in the cases of *Campbell* v. *Dwiggins*, 83 Ind. 473, and *Tyler* v. *State, ex rel.*, 83 Ind. 563.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed March 5, 1886.