Fries *v.* Brier *et al.*

No. 12,690.

FRIES *v.* BRIER ET AL.

DRAINAGE.—*Repair of Ditches by County Surveyor.—Act of April 6th, 1885, Constitutional.*—Section 10 of the act of April 6th, 1885, making it the duty of the county surveyor to keep ditches in repair, giving him power to assess the cost upon the lands adjudged benefited in the original proceedings establishing such ditches, and providing for notice of the assessments and for an appeal to the circuit court by any person aggrieved, is constitutional.

SAME.—*Limit of Surveyor's Authority.*—The authority of the county surveyor, under the statute in question, is strictly limited to keeping ditches in repair to the dimensions, as to width and depth, as required in the original specifications.

From the Hancock Circuit Court.

*E. Marsh* and *W. W. Cook,* for appellant.

*W. H. Martin,* for appellees.

MITCHELL, J.—Charles H. Brier and twenty other landowners commenced this action to enjoin the county surveyor of Hancock county from proceeding to repair a certain ditch which had been established and constructed under the order and judgment of the Hancock Circuit Court. So far as appears the surveyor was proceeding according to the provisions of section 10 of the act approved April 6th, 1885. This section makes it the duty of the county surveyor of any county in which proceedings for the construction of a ditch were had, to " keep the same in repair to the full dimensions, as to width and depth, as required in the original specifications." It also prescribes the duties of the surveyor, in respect to apportioning and assessing the cost of the repairs, upon the lands adjudged in the original proceeding benefited, in proportion to the benefits assessed in the first instance. The surveyor is required to give notice of the assessments, and an appeal to the circuit court is authorized to be taken by any person aggrieved.

The court overruled a demurrer to the complaint, and the

appellant refusing to plead further, the surveyor and contractor were enjoined from proceeding to make the repairs, and from apportioning the cost thereof upon the appellees' lands.

In support of the ruling of the court, the appellees contend that the section above mentioned, which purports to confer authority upon the county surveyor to keep ditches in repair, is unconstitutional, and that, hence, the surveyor was proceeding without warrant to impose a burden upon their real estate.

The court below proceeded upon the theory that the complaint brought the case within the principles which ruled the cases of *Campbell* v. *Dwiggins*, 83 Ind. 473, and *Tyler* v. *State, ex rel.*, 83 Ind. 563. In these cases sections 4282 and 4307, R. S. 1881, which attempted to authorize township trustees to keep drains in repair and free from obstructions, and to assess the cost thereof upon the lands benefited, according to their judgment in each case, were held unconstitutional, because, in effect, the attempt was thereby made to confer authority to impose an assessment upon land without notice to and a hearing, or an opportunity to be heard, on the part of the owner of the property to be assessed. The effect of the proceedings under these sections was virtually to deprive the owner of his property without due process of law.

The right of the property-owner to have notice and to be heard before his property can be taken, or before a burden can be imposed upon it, must be provided for at some proper stage of the proceedings, and any enactment which attempts to justify a tax or assessment without making such provision is universally regarded as an infringement of the Constitution. *Whiteford Tp.* v. *Probate Judge*, 53 Mich. 130.

The statute under which the proceedings assailed by the complaint in the case before us were being taken, makes provision for notice and authorizes an appeal, and, consequently, makes ample provision for a hearing. The questions pre-

sented on this appeal came under consideration in the recent case of *State, ex rel.,* v. *Johnson,* 105 Ind. 463. The conclusion was there reached, that the section of the statute in question was not obnoxious to any of the constitutional infirmities which invalidated the previous enactment referred to, and which are the same in effect as those urged against it in the elaborate argument presented on behalf of the appellees here. The reasoning in that case embraces all that can be profitably said on the subject, and meets all the objections urged against the validity of the statute in question. It is proper to say the judgment in this case was rendered and the appeal taken before the case referred to was decided by this court.

The first paragraph of the complaint charges, among other things, that the plans and specifications which the county surveyor has prepared, and in accordance with which the contemplated repairs are about to be made, will greatly enlarge the ditch as originally constructed ; that, instead of repairing and cleaning out the old ditch, as originally established under the order of the court, the purpose and plans of the surveyor contemplate the deepening and widening of the ditch, without any petition, or other proceedings had in court for that purpose. The authority of the county surveyor over the subject of keeping ditches in repair, is strictly limited, in the section above mentioned, to keeping them " in repair to the full dimensions, as to width and depth, as required in the original specifications."

The proceeding is wholly statutory, and not according to the course of the common law. To say the least, the statute confers upon county surveyors powers of a somewhat extended and anomalous character. His authority and proceedings must, therefore, be confined within and conform strictly to the statute.

It would by no means be competent for a county surveyor, under the guise of keeping a ditch in repair, to enter upon a scheme of widening and deepening the drain, no matter

how desirable it might be to attain that end.   When a ditch is established and constructed under the order of the court, it is then judicially determined that its width, depth and other characteristics, as described in the original proceedings, will constitute a sufficient drain for the purposes intended.   These can only be changed by judicial intervention.   Of course such widening as necessarily results from restoring or repairing the disturbed sides of the drain, where disturbances have occurred, must have been contemplated.

The paragraph under consideration does not state what the width or depth of the drain, as originally constructed, was, nor does it state the width or depth which it is proposed, by the plans under contemplation, to make it.   The averments in that regard are too much in the nature of conclusions to justify the interference of the court.   Besides, the contract between the surveyor and contractor, a copy of which is set out with the complaint, does not indicate that the parties contemplated the widening or deepening of the drain.   The contract purports to be a contract to repair the ditch.

The conclusions already reached render it unnecessary that we should consider some minor questions suggested in the argument.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrer to the complaint.

Filed May 18, 1887.