Trimble *et al. v.* McGee, Treasurer, *et al.*

Filed Nov. 19, 1887.

———————◆———————

No. 13,023.

### TRIMBLE ET AL. *v.* McGEE, TREASURER, ET AL.

DRAINAGE.—*Repairs by Township Trustee.—Constitutionality of Statute.*—Section 7 of the act of March 8th, 1883, amending section 10 of the act of April 8th, 1881 (section 4282, R. S. 1881), requiring township trustees to keep public drains in repair, etc., is constitutional.

SAME.—*Appeal.—Injunction.*—Where persons whose lands are assessed by the township trustee as benefited have notice of the assessments in time to appeal therefrom to the circuit court, where they can obtain all the relief which the statute contemplates, but fail to do so, they can not afterwards, in a suit for an injunction, obtain such relief.

SAME.—*Complaint for Injunction.—Insufficiency of.*—For a complaint to enjoin a county treasurer from collecting assessments levied upon lands by

a township trustee to reimburse the township for money paid out for re-pairing and removing obstructions from public ditches, which is held insufficient to obtain equitable relief, see opinion.

From the Tipton Circuit Court.

M. Bell and W. C. Purdum, for appellants.

R. B. Beauchamp, G. H. Gifford and C. W. Swaim, for ap-pellees.

Howk, J.—In this case, the appellees demurred to the complaint of appellants, the plaintiffs below, upon the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained by the circuit court, and to this ruling appellants excepted, and, declining to plead further, judgment was rendered against them for appellees' costs.

From this judgment the plaintiffs below have appealed to this court, and have here assigned as error the sustaining of appellees' demurrer to their complaint.

Appellants alleged in their complaint that, on the 9th day of April, 1884, the then trustee of Wildcat township, of Tipton county, contracted with one George Russell for deep-ening, cleaning out and removing obstructions from ditch No. 39, partly in said township and partly in Cicero town-ship, in such county, and, also, from ditch No. 40, in said Wildcat township, both of such ditches being public ditches theretofore constructed, or partially so, for drainage pur-poses, under the laws of this State; that such ditches 39 and 40 were distinct and separate drains, constructed at different times and under different proceedings, and affected different lands, and the work so contracted for by such trustee with George Russell also affected different lands; that about fifteen hundred feet in length of ditch No. 39, included in the work and repairs done by the trustee of Wildcat town-ship, was in Cicero township; that the entire work so caused to be done by such trustee was by him contracted for and let as a whole, in one contract and as only one work, at one

dollar per rod, and was paid for out of the general fund of Wildcat township, the amount so paid, as shown by the assessment hereinafter mentioned, being $1,177.10; that, thereafter, on July 7th, 1884, the then trustee of Wildcat township made an assessment of $675.10 against plaintiffs' lands and other lands, as shown by a copy of such assessment therewith filed; that such assessment was also signed by the trustee of Madison township, and the trustee of Cicero township, and was made without personal inspection of the lands assessed; that, on August 4th, 1884, a certified copy of such assessment was filed in the office of the auditor of Tipton county. The complaint then contains similar averments in regard to the making of an assessment of $502 against certain lands in the townships of Wildcat and Madison, which assessment was also signed by the trustee of Madison township, to reimburse the general fund of Wildcat township for the amount paid for work done and repairs made on said ditch No. 40, whereof the sum of $194.50 was assessed against lands in Wildcat township, and $307.50 against lands in Madison township; and that, on August 5th, 1884, a certified copy of such assessment for ditch No. 40 was filed in the office of the auditor of Tipton county.

Appellants further averred that the county auditor had placed such ditch assessments upon the tax duplicate of Tipton county, and had delivered the same to the treasurer of such county, for collection as other taxes, at the time of the commencement of this suit; and that such treasurer was threatening to, and would, distrain and sell appellants' property for the payment of such assessments, if the same were not paid; and that the assessments so made for ditch No. 39 were apparent liens on their respective lands and clouds upon their respective titles thereto, which ought to be set aside and removed; and that such assessments were illegal and void, and ought to be set aside, for a number of reasons, which were stated at length. Wherefore, etc.

Without first setting out appellants' reasons for claiming

that the ditch assessments of which they complain were illegal and void, we will consider and decide the several questions in the case which have been presented and discussed by their counsel in their elaborate brief of this cause. It is first urged, very earnestly, by appellants' counsel, that the statute under which the township trustee caused the work to be done, and under which the assessments were made, described in the complaint, is unconstitutional and void. It is manifest that the township trustee acted throughout, in the proceedings complained of, under and pursuant to the provisions of section 7 of an act approved March 8th, 1883, entitled "An act to amend sections two (2), three (3), four (4), five (5), six (6), eight (8), and ten (10) of an act entitled 'An act concerning drainage,' approved April 8th, 1881, and declaring an emergency." Acts of 1883, pp. 173, 180. Section 7 of the amendatory act amends section 10 of the aforesaid act of April 8th, 1881, which was section 4282, R. S. 1881. In *Campbell* v. *Dwiggins*, 83 Ind. 473, and in *Tyler* v. *State, ex rel.*, 83 Ind. 563, we held that section 4282 was in part, at least, repugnant to and in conflict with section 12 of the Bill of Rights in the Constitution of this State, and section 1 of article 14 of the Federal Constitution, and was, to the extent of such repugnancy or conflict, unconstitutional and void. *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393. After the cases were decided, the General Assembly amended such section 10 (section 4282, *supra*,) by section 7 of the amendatory act of March 8th, 1883, to such an extent, we think, as wholly obviated and removed the constitutional objections to the original section. The amended section requires the township trustee to give notice of his assessment, prescribes the manner in which the notices shall be given, and provides that any person aggrieved may appeal from such assessment to the circuit court of the proper county, within fifteen days after such notices have been posted.

Appellants complain that the amended statute limits the

questions to be tried and determined by the court " to the costs of such repair or removal of obstructions, and what amount thereof should be assessed on each tract of land." This limitation, however, does not affect the constitutionality of the statute. It may be that such limitation is unwise or unreasonable; but if so, the proper remedy for such an evil is an appeal to the law-making power, and not to the courts. The amended section is not repugnant to any provision of our fundamental laws, State or Federal, but is, we think, a constitutional and valid law. *State, ex rel.,* v. *Johnson,* 105 Ind. 463; *Fries* v. *Brier,* 111 Ind. 65.

This point being settled against appellants, we are of opinion that the informalities, irregularities and alleged illegalities even in the proceedings of the township trustee, of which they complain, can not be made available by them in this suit to defeat the assessments against their lands. In the absence of any showing to the contrary, it may be assumed, we think, that appellants had full notice of the assessments made by the trustee on their lands in ample time to have appealed therefrom to the circuit court of Tipton county if they were aggrieved thereby. Upon such an appeal they could have obtained all the relief which the statute contemplates they should have in such a case, namely, the determination of the costs of such repairs and work, and the assessment of the amount thereof on their respective tracts of land, in accordance with equity, fair dealing and good conscience. Appellants ask in their complaint that the county treasurer and his successors in office may be perpetually enjoined by the court from collecting such assessments. But they have wholly failed, we think, to state any equitable grounds showing, or tending to show, they were entitled to any such relief.

The statute in force at the time required the township trustee to keep the ditches in his township in proper repair and free from obstructions, so as to answer their purpose, " and pay for the same out of the general township fund; and to raise the necessary money to reimburse that fund, he shall

apportion and assess the cost thereof upon the lands which will be benefited by such repairs or removal of obstructions, according to such benefits, in his judgment."

It was nowhere alleged in the complaint that the work contracted for and let by such trustee to George Russell was not needed, so as to make the ditches 39 and 40 answer their purpose.

It was alleged that the two ditches were let in one contract, but it was not averred that they were let at too high a price, or could have been let for a less price in two or more contracts. It was alleged that Russell's contract covered 1500 feet of ditch No. 39 not within Wildcat township; but it was not shown, nor is it apparent, that appellants or their lands were or could be damaged in any way or to any extent by the fact so alleged. It was not averred in the complaint that the contract price of the work let was too high or unreasonable, or that such work had not been done in accordance with the terms of the contract; nor was it alleged that the cost of such work was not fairly and equitably apportioned and assessed against the lands benefited thereby, " according to such benefits."

We are of opinion that appellants' complaint herein shows no grounds whatever for the intervention of a court of equity or for equitable relief. *City of Logansport* v. *LaRose,* 99 Ind. 117, and authorities cited; *Center Township* v. *Board, etc.,* 110 Ind. 579.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed Nov. 19, 1887