No. 14,308.

JOHNSON, SURVEYOR, v. LEWIS.

CONSTITUTIONAL LAW.—*Statute.*—*Constitutionality of Section 10 of Drainage Act of 1885.*—Section 10 of the drainage act approved April 6th, 1885, is constitutional.

SAME.—*Assessment.—Notice to Owner.—Legislative Power.*—While the State Constitution sanctions no law under which a lien can be conclusively imposed on property without notice to the owner, affording him an opportunity to be heard in a competent tribunal, yet it is competent for the Legislature to prescribe the kind of notice, and the tribunal before which he may be heard.

From the Posey Circuit Court.

E. D. *Owen,* W. *Loudon* and — *Leonard,* for appellant.

G. V. *Menzies* and E. M. *Spencer,* for appellee.

MITCHELL, J.—Lewis complained of Johnson in the court below, and charged that the latter, as surveyor of Posey county, had theretofore entered upon the plaintiff's lands and repaired a certain public ditch, on account of the making of which repairs the defendant had assessed against the plaintiff's lands the sum of $209. The gravamen of the complaint is, that the surveyor had made the repairs to the ditch and assessed the plaintiff's lands as above, without giving any notice whatever of his intention to make the repairs or assessment. This is assumed by the pleader to be an attempt to take, or impose, a burden or lien upon the plaintiff's land without due process of law. Prayer for an injunction. A demurrer to the complaint having been overruled, and the defendant refusing to answer, the court gave judgment according to the prayer of the complaint.

Section 10 of the act concerning drainage, approved April 6th, 1885, makes it the duty of the county surveyor to keep all ditches which may have been constructed within his county, for the purpose of drainage, under any law then or theretofore in force in this State, in repair, to the full dimensions as

to width and depth as required by the original specifications, and to certify the cost thereof, including his own per diem, to the county auditor, who is required to draw his warrant to the persons to whom the money is owing.

In order to raise the money necessary to reimburse the county treasury, it is made the duty of the county surveyor to apportion and assess the cost of the repairs upon the lands adjudged by the court benefited by the construction of the ditch, in like proportion as benefits were originally assessed against such lands. He is required to make a record of such assessment, to be kept in his office, open to public inspection, and it is made his duty within five days after making such assessment to post up written or printed notices thereof in three public places in each township in which lands are assessed. Any person aggrieved may appeal from the assessment to the circuit court within twenty days from the time such notices are posted.

It will thus be seen that the statute does not require or make any provision for notice until after the repairs have been made, and the cost thereof apportioned and assessed against the lands of those benefited by the original construction of the ditch.

The learned court below held the complaint sufficient upon the theory, as we are advised, that section 10, above referred to, is unconstitutional, because it provides that the county surveyor may repair ditches and assess the cost of the repairs against the lands adjudged by the court to be benefited, without first giving notice.

Recent decisions of this court, in which the question thus made is considered, uniformly affirm the constitutionality of the section in question, so far as its provisions are involved in the case now before us. *State, ex rel.,* v. *Johnson,* 105 Ind. 463; *Fries* v. *Brier,* 111 Ind. 65; *Trimble* v. *McGee,* 112 Ind. 307; *Weaver* v. *Templin,* 113 Ind. 298.

As bearing directly upon, and decisive of, the question before us, we quote from the opinion in the case last cited the

following : " The question as to the necessity or expediency of repairing a public drain is not one to be tried in judicial proceedings, but is one committed solely to the discretion of the officer designated by law, so that, if it were conceded that the statute does not provide for a trial of that question, or for notice to enable the land-owner to meet it, the concession would not affect the validity of the law."

It is quite true that the Constitution sanctions no law under which a lien can be conclusively imposed upon property without first giving the owner notice, and affording him an opportunity to be heard in some tribunal competent to administer adequate relief, but it is also true that it is competent for the Legislature to prescribe the kind of notice and the time when it shall be given, as well as the tribunal before which the hearing may be had. *Garvin* v. *Daussman,* 114 Ind. 429.

The Legislature, as we have seen, has provided that repairs shall be made and paid for in the first instance out of the county treasury. It has provided for notice to the property-owner after the cost has been apportioned and distributed to the lands adjudged benefited, in proportion to the amount originally assessed. This is a mere mathematical calculation. After notice, an appeal is allowed to the circuit court, which is fully authorized to determine whether or not the amount expended was for repairs in fact, and whether the surveyor has proceeded in good faith, and in all respects according to law, in making the cost which has been apportioned to and assessed against the lands of the respective owners.

The complaint did not state facts sufficient to constitute a cause of action.

The judgment is therefore reversed, with costs.

Filed Sept. 20, 1888.