# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1888, IN THE SEVENTY-
THIRD YEAR OF THE STATE.

———◆———

No. 11,391.

## KUNTZ *v.* SUMPTION, TREASURER.

NOTICE.—*Due Process of Law.*—*Individual Property Rights.*—A statute con-
ferring upon a tribunal power to finally dispose of the property rights
of an individual, and failing to provide for notice, denies to the citizen
due process of law, and is unconstitutional.

TAXATION.—*Board of Equalization.*—*Authority to Change Valuation of Indi-
vidual Property.*—*Notice.*— *Unconstitutional Statute.*— The statute of this
State assuming to confer authority upon the county board of equaliza-
tion to conclusively change the valuation placed upon property by an
individual taxpayer and to add property to his list, does not provide
for notice, and is unconstitutional.

SAME.—*Notice to Public not Notice to Individual.*—A general notice to the
public, by publication or posting, of the time, place and purpose of the
meeting of the board of equalization, is not such notice to an indi-
vidual taxpayer as is required to authorize a change in the valuation
of his property.

SAME.— *Unauthorized Notice not Effective.*—The fact that the taxpayer ac-
tually has notice of the proceeding is not sufficient to authorize a dis-
position of his individual property rights, as notice must be given under
a statute providing for it, or it will be unavailing.

From the Randolph Circuit Court.

*I. P. Gray, P. Gray* and *D. Turpie,* for appellant.

*W. A. Thompson, J. W. Thompson* and *L. T. Michener,* Attorney General, for appellee.

ELLIOTT, C. J.—The board of equalization of Randolph county entered an order reading thus : " On motion, the board increased the assessment of Peter Kuntz on personal property twenty thousand dollars." Prior to the meeting of the board Kuntz had listed his property for taxation. He was subpœnaed before the board, and testified as a witness, but did so under protest.

We have given to the principal question in this case much and careful study, and we are compelled to hold that the statutory provisions concerning the authority of the county board of equalization to increase the valuation of the property of an individual taxpayer, listed by him for taxation, are unconstitutional. We limit our decision to this point, and mark the limit as distinctly and definitely as we can. We do not affirm that the provisions of the statute conferring authority upon the county board to change the general levy are invalid, nor do we affirm that they are invalid in so far as they confer authority to make orders affecting taxpayers generally. We do, however, affirm that they are invalid in so far as they assume to confer authority upon the board to conclusively change the valuation placed upon property by an individual taxpayer, or to add property to his list. We are satisfied that the statute is in conflict with the Constitution, for the reason that it assumes to confer authority upon the board to add to a citizen's taxes without giving him an opportunity to be heard, and thus denies him due process of law. Our judgment is, that, after a citizen has listed his property, no change in the list can be compulsorily made by an officer or tribunal whose decision is final, until, by due process of law, he has had an opportunity to vindicate the correctness of his list or resist an attempt to increase the valuation. The presumption is that men obey the law, and act in good faith,

Kuntz *v.* Sumption, Treasurer.

and under this long settled rule it must be held that, until the contrary is shown, the taxpayer is entitled to have his list accepted as correct and just. The contrary can not be legally and conclusively shown unless he has an opportunity to be heard, and this opportunity he can not have unless notice is given him before a conclusive decision is made. The statute does not provide for notice to taxpayers whose taxes it is proposed to increase, and this infirmity destroys it, in so far as it affects such citizens. It is not enough that in fact the taxpayer does have some notice or information, for the law must provide for notice or else no legal notice can be given. A man may be subpœnaed as a witness in an action pending against him, but unless he is summoned or notified as a party, under some law authorizing a summons or a notice, the proceedings are utterly void. A man may be served with a written notice that a petition for a ditch is pending, but if there be no law authorizing notice it will be unavailing. A notice not authorized by law is, in legal contemplation, no notice.

We do not assert that the proceedings would be void where there is some notice, although not given in strict conformity to law, for we know that a defective notice, assumed to be given under a statute, will be sufficient to uphold jurisdiction as against a collateral attack. *Montgomery* v. *Wasem*, 116 Ind. 343; *Hume* v. *Conduitt*, 76 Ind. 598.

But there must be an assumption of the right to give notice, and there must be some law authorizing this assumption. At all events, there must be color of right, and without a law authorizing notice there can be none. We approve, as fully as language can do, the doctrine of former decisions, that the Legislature has ample authority to prescribe what the notice shall be. *Johnson* v. *Lewis*, 115 Ind. 490; *Garvin* v. *Daussman*, 114 Ind. 429; *Carr* v. *State, etc.*, 103 Ind. 548; *Hobbs* v. *Board, etc.*, 103 Ind. 575.

We affirm, too, that whether the notice is by publication or by personal service, it will sustain jurisdiction, provided there is back of it some law providing for notice. While

affirming these various propositions, we also affirm that where
individual property rights are affected there must be provi-
sion for notice made by law before there can be a final and
conclusive adjudication.  Only the law can prescribe the form
of the notice, and the law must provide for it.  Where, there-
fore, individual rights are concerned, and the matter is one
upon which a party is entitled to be heard, a proceeding con-
clusively and finally disposing of individual property rights
will be void, unless founded upon a law providing for notice
of some kind.   Where the matter to be decided is one of pure
discretion, and the tribunal decides upon its own judgment,
unaided by evidence, then notice is not essential. *State, ex rel.,*
v. *Johnson,* 105 Ind. 463 ; *Fries* v. *Brier,* 111 Ind. 65 ; *Trim-
ble* v. *McGee,* 112 Ind. 307 ; *Weaver* v. *Templin,* 113 Ind. 298.

But, in adding to property listed by the taxpayer, or in
increasing the valuation put upon listed property by him, a
board of equalization does not exercise arbitrary power or
unrestricted discretion ; on the contrary, it must be guided
by the law and the facts, and has no right to add to the list
of the taxpayer property he does not own ; nor has it author-
ity to increase the valuation of property without giving the
taxpayer legal notice, thus affording him an opportunity to
adduce evidence or furnish information.   It is a serious mat-
ter to charge a person with fraudulently or falsely listing his
property, and to add to his list, or to increase the valuation
of property, imposes upon him a burden, for it deprives him
of property in the form of money.

That notice is required in all cases where individual prop-
erty rights are involved, and the matter is not one of pure
discretion, has been again and again decided by our own and
other courts.   *Strosser* v. *City of Fort Wayne,* 100 Ind. 443 ;
*Troyer* v. *Dyar,* 102 Ind. 396 ; *Jackson* v. *State, etc.,* 103 Ind.
250 ; *Johnson* v. *Lewis, supra ; Board, etc.,* v. *Gruver,* 115
Ind. 224, and cases cited.

That the notice must be authorized by law, is affirmed by
many cases.   The rule is thus stated in one case : " It is not

enough that the owners may by chance have notice, or that they may as a matter of favor have a hearing.　The law must require notice to them, and give them the right to a hearing and an opportunity to be heard." *Stuart* v. *Palmer*, 74 N. Y. 183.

Judge Cooley, in speaking of the correction of tax lists, says: "It is a fundamental rule that in judicial or *quasi* judicial proceedings affecting the rights of the citizen, he shall have notice and be given an opportunity to be heard before any judgment, decree, order or demand shall be given and established against him.　Tax proceedings are not in the strict sense judicial, but they are *quasi* judicial, and as they have the effect of a judgment, the reasons which require notice of judicial proceedings are always present when the conclusive steps are to be taken." Cooley Taxation (2d ed.), 363.

An author who has recently written on the subject concludes his discussion by saying: "There is really but one logical and consistent position in the matter, and that is that a statute that does not provide for notice is invalid." Lewis Eminent Domain, section 368.

A very thorough discussion of the question will be found in *Johnson* v. *Joliet, etc., R. R. Co.*, 23 Ill. 124.　We need not, however, look beyond our own reports, for our own decisions declare that the statute itself must provide for notice. *Campbell* v. *Dwiggins*, 83 Ind. 473 ; *Jackson* v. *State, etc.*, 104 Ind. 516 ; *Fries* v. *Brier, supra* ; *Johnson* v. *Lewis, supra.*

We said in *Jackson* v. *State, etc., supra*, that " The notice must assume to be such as the law requires, but, in order to repel a collateral attack, it need not be a valid notice." And in *Garvin* v. *Daussman, supra*, we said : " It is, without doubt, essential to the validity of every law under which proceedings may be had for the taking of property, or to impose a burden upon it which may result in taking it, that the law make provision for giving some kind of notice at some stage in the proceeding."

The ultimate conclusion which we reach is, that, where a

conclusive decision is authorized, the statute itself must provide for notice, and secure it to the taxpayer, not as matter of favor, but as a matter of right.

We agree with the appellee's counsel that the board of equalization is not a judicial tribunal, in the strict sense of the term; but while this is true, it is also true that it possesses functions of a judicial nature. *Wilkins* v. *State*, 113 Ind. 514. Judicial powers are, as we said in the case cited, lodged in the courts, and where the Constitution distributes the judicial power, it can only be exercised by the tribunals named by the Constitution, and constituted as the Constitution provides. *Greenough* v. *Greenough*, 11 Pa. St. 489; *Chandler* v. *Nash*, 5 Mich. 409; *Alexander* v. *Bennett*, 60 N. Y. 204; *Van Slyke* v. *Trempealeau, etc., Ins. Co.*, 39 Wis. 390 (20 Am. R. 50); *Gibson* v. *Emerson*, 7 Ark. 172; *Gregory* v. *State, ex rel.*, 94 Ind. 384; *Shoultz* v. *McPheeters*, 79 Ind. 373.

But while we hold that the authority of the board of equalization is not judicial, we also hold that it is in its nature so far judicial as to require notice to one whose individual rights are directly affected. We are inclined to concur with appellee's counsel that the judgment of the board is conclusive, but to that proposition we add that it is only so where there is jurisdiction, and that notice to one whose list is to be added to or whose valuation is to be increased is essential to give jurisdiction. *Clinton School District's Appeal*, 56 Pa. St. 315; *Osborn* v. *Inhabitants of Danvers*, 6 Pick. 98; *Hughes* v. *Kline*, 30 Pa. St. 227; *Macklot* v. *City of Davenport*, 17 Iowa, 379; *Deane* v. *Todd*, 22 Mo. 90; *McInlyre* v. *Town of White Creek*, 43 Wis. 620.

The fact that the judgment is conclusive supplies a strong reason for holding that the taxpayer should have an opportunity to be heard, and that he should be heard before his list or his valuation is set aside or changed. The power to hear and determine, where there is a question admitting of controversy and the entire matter is not one of absolute and arbitrary discretion, implies that in reason and justice the

law should, by making provision for notice, give the parties an opportunity to be heard, for otherwise it can not be justly said that there is due process of law.

Thus far we have proceeded upon the assumption that the statute does not provide for notice to the individual taxpayer whose list is to receive additions or whose valuation is to be increased, and if this assumption can not be made good our reasoning is invalid. It is, however, not difficult to prove the validity of our assumption. The statute itself supplies the requisite proof. It does provide notice sufficient for two classes of judgments, but for no others. It provides for notice sufficient as to all general changes in the levy, and sufficient as to all who have complaints to make, and over these matters jurisdiction arises when the notice is given as the statute directs. But there is no provision for notice to the individual taxpayer whose list is to be added to or whose valuation is to be increased. Its provisions on the subject of notice are these: " Two weeks' previous notice of the time, place, and purpose of such meeting shall be given by the county auditor in some newspaper of general circulation, printed and published in the county, or, if no newspaper be published in the county, then by posting up notices in three public places in each township in the county." Section 6397, R. S. 1881. This notice, it is obvious, can not require every taxpayer in the county to be in attendance at the meeting of the board to see that no additions are made to his list. As additions to his list affect him as an individual, he is entitled to notice as an individual. He is not within the scope of the statute, since he is not bound to assume that there will be any change in the verified list given by him to the assessor.

His rights are distinct from those of the public, and from the rights of those persons who have complaints to make. Those who believe themselves wronged by having property listed to them that they do not own, or who believe that their property has been overvalued, are actors; they move, they

take the initiatory step, and they must come before the board under the notice prescribed by the statute. But with the tax-payer whose assessment is to be increased, it is otherwise; he is not the actor, he does not take the initiatory step, but, on the contrary, he is passive and inactive until brought before the board by notice.   He is not under any legal obligation to move until notice comes to him—indeed, he can not move if he is content with his list and assessment—for there is nothing for him to do.   The taxpayer who has a complaint to make occupies a position very similar to that of the plaintiff in an ordinary action, while the person whose taxes are to be increased is in a position very like that of a defendant. We must hold that such a taxpayer is entitled to notice, or else we must hold that he is bound, at his peril, to keep vigilant watch of the proceedings lest property he does not own be assessed to him, or the valuation of his listed property be increased.   In the absence of notice to him as an individual, he is not bound to exercise any such vigilance.   *Claybaugh* v. *Baltimore, etc., R. W. Co.,* 108 Ind. 262 ; *Munson* v. *Blake,* 101 Ind. 78.

It would be almost as unjust to compel such a taxpayer to be constantly on the watch during the meeting of the board as to compel a defendant who has failed to pay a note, violated a covenant, or committed a trespass, to watch the dockets of the court during term-time.   The notice does no more than inform the public that the board will be in session at a designated time and place, and no one is bound to act upon the notice farther than to present complaints or resist general changes in the levy ; certainly no one is bound to know that a complaint will be preferred against him affecting his individual rights.

If one taxpayer is bound to keep watch during the session of the board, so are all, and the result would be that the meetings of the board would be thronged with taxpayers, or else their rights be at the mercy of the board.   The organic law, to which all statutes must yield, does not intend that

such a thing shall ever occur, for it requires notice to each person whose individual property rights may become the subject of investigation and final adjudication. This is a fundamental principle ruling all the departments of government. A decision of a judicial nature, conclusively deciding upon the individual property rights of a citizen, and imposing a burden upon him, can only be given in a proceeding of which, before a final and conclusive judgment is reached, the citizen has notice, for without such notice there can not be due process of law. A decision not final, but subject to review, may not necessarily require notice, but a final decision must be based on a notice provided for by law.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

