No. 12,017.

Cook et al. *v.* The State, for Use of Whitten, Commissioner of Drainage.

Drainage.—*Lien of Assessments Under Act of March 8th, 1883.*—Under the drainage act of March 8th, 1883, the lien of assessments attaches upon the approval by the court of the assessments made by commissioners of drainage, and such lien relates back to the filing of the petition.

Same.—*Priority of Mortgage Lien.*—But where, before the approval by the court of such assessments, the lien of a mortgage, executed to a person who was not a party to, and had no notice of, the drainage proceeding, has attached to property assessed as benefited, it will have priority over the assessment lien.

From the St. Joseph Circuit Court.

*J. Bradley* and *J. H. Bradley,* for appellants.

Franklin, C.—Appellants, other than Bradley, on the 5th day of December, 1882, commenced drainage proceedings in the St. Joseph Circuit Court.

The petition was heard; commissioners appointed, to whom the matter was referred; they reported an assessment of benefits and damages, which was approved by the court and the ditch ordered to be constructed. The construction commissioner gave the required notice, and made an assessment by instalments to pay for the work. No dates are given of any of the proceedings subsequent to the filing of the petition, except as hereinafter named, and no part of the record is

made a part of the complaint by exhibit or otherwise. The complaint alleges that the appellant Bradley held a mortgage upon the lands against which the benefits had been assessed, which was a junior lien upon the lands to said assessment, and asked judgment for the assessments by instalments, and that it be declared a prior lien to said Bradley's mortgage.

Bradley answered, setting up her mortgage as a prior lien to said assessments.

The other defendants were defaulted, and a demurrer was sustained to Bradley's answer. The court rendered judgment on the demurrer for the assessments, and decreed it a prior lien upon the land to said mortgage. Bradley appealed to this court, and has assigned for error the sustaining of the demurrer to her answer.

The answer alleges that the mortgage to Bradley was executed on the 5th day of January, 1883, and that the lien for the assessments did not attach until the 27th day of June, 1883, subsequent to the execution and recording of the mortgage, and that the same was junior and subject to the lien of the mortgage.

Appellant, in her brief, expressly waives all objections to the complaint, and insists that the lien of the mortgage is prior in point of time, and paramount to the lien claimed by appellee.

The 4278th section, R. S. 1881, provides that "The amount of assessments so made by such commissioner" (that is, the commissioner having charge of the work) "shall be a lien upon the lands so assessed, from the date of recording notice of the establishing of the work by the court. * * * Such recording shall be notice to all the world of such lien from the date thereof." Which notice the complaint alleges was recorded on the 27th day of June, 1883, which is also stated in the answer.

This lien for assessments is purely statutory; it exists and must be controlled alone by the statute, and if the foregoing contained all the statutory provisions on the subject, there

would be no difficulty in the question.  But three days after the execution of the mortgage the act of March 8th, 1883, went into force, which provides, among other things, in the 5th section thereof, that "the amount of the assessment, as made or approved and confirmed by the court, shall be a lien upon the lands so assessed, from the time of filing the petition."  Acts 1883, p. 179.

The assessment creating the lien under the act of 1881 is the assessment made by the commissioner having charge of the work, and the assessment creating the lien under the act of 1883 is that made by the drainage commissioners as approved by the court.  *Moss* v. *State, ex rel., ante,* p. 321.

In the case under consideration, the mortgage was executed before the lien of the assessment was created under either of the above named statutes.  But while under the statute of 1881 it attached upon the recording of the notice of the assessment, under the statute of 1883 it attached upon the approval of the assessment of the commissioners, and related back to the filing of the petition, which was notice to all parties named therein.

The date of the approval by the court of assessments by the commissioners is not stated either in the complaint or answer.  We, therefore, can not infer that it was before the execution of the mortgage; and the question arises can a lien created after another lien has already attached be made, by relation back, to supersede the lien that had already attached? We think this question must be answered in the negative.

When appellant contracted for and accepted his mortgage, no such lien was upon the land, and he had a right to rely upon his mortgage being superior to any other lien that might be subsequently created.  He was not a party to the drainage proceedings, was not named in the petition or any other part of the proceedings, had no notice whatever of such proceedings prior to the receipt of his said mortgage, and was not bound thereby.

We think the lien of appellant's mortgage is prior and su-

perior to the lien of the drain assessments, and that the court erred in sustaining the demurrer to appellant's answer.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is reversed, at appellees' costs, and the cause is remanded, with instructions to overrule the demurrer to the answer, and for further proceedings.

