Dunkle *et al. v.* Herron, Treasurer, *et al.*

No. 13,482.

## DUNKLE ET AL. *v.* HERRON, TREASURER, ET AL.

CONSTITUTIONAL LAW.—*Section 7, Act March 8th, 1883, Constitutional.*—Section 7 of the drainage law of March 8th, 1883 (Acts 1883, p. 180), was a constitutional and valid enactment.

STATUTE.—*Repealing Section of Act of April 6th, 1885.*—*Saving Clause.*—*Drainage.*—Under the repealing section of the drainage act of April 6th, 1885, which repealed the act of March 8th, 1883, all assessments for work done under the latter act were unaffected by the repeal, and were enforceable according to the provisions of the law under which they were made.

From the Montgomery Circuit Court.

*T. H. Ristine* and *H. H. Ristine*, for appellants.

*P. S. Kennedy* and *S. C. Kennedy*, for appellees.

HOWK, J.—The only error assigned by appellants, plaintiffs below, upon the record of this cause, is the sustaining of the demurrer to their complaint. In their complaint, plaintiffs alleged that they were the owners of certain real estate, in Madison township, Montgomery county, Indiana, and were citizens of such county, and were the same persons mentioned in a certain pretended statement of assessments of benefits to certain lands therein described, which said statement of assessments was in the words and figures following, to wit: (Statement omitted). Plaintiffs further averred that, in the years 1869 and 1870, the Lye Creek Drainage Association, organized under the act of May 22d, 1869, to authorize and encourage the construction of levees, dikes and drains, and the reclamation of wet and overflowed lands, by incorporated companies, constructed in said Madison township a ditch or drain, a certain tributary of which was known as the Hudson tributary of the Lye Creek ditch; that said tributary was constructed according to certain plans and specifications, of a certain width and depth, and the lands adjoining and benefited by such work were assessed in sums

sufficient to construct said work; that afterwards, in 1884, defendant Washburn, as trustee of said township, employed an engineer for the purpose of repairing said ditch; that said engineer made a survey of said old ditch, and established a grade and set grade-stakes; that the repairs so made on said ditch were of a character to enlarge and widen the ditch as originally made; that, in accordance with the survey so made, he contracted for the repairs and enlargement of said work at the sum of $1.25 per rod, and in accordance with said contract he cut and cleaned out two hundred and seventy-seven rods of said ditch, which was but a part of the work contracted for by the said township trustee on said ditch; that the work of cleaning and repairing said ditch could have been done at one-half of the expense if the same had been made of the same depth and width as originally constructed; and that the work so done on said ditch was completed during the year 1884.

And plaintiffs further averred that, on or prior to the 6th day of April, 1885, no application had been made and no proceedings were pending in any court of this State for the construction of said work, and at that date no work was in course of construction on said ditch, but the same had been completed, and was made by said township trustee on his own motion and authority; that afterwards, on the 17th day of December, 1885, long after the completion of said work, defendant Washburn, as such trustee, made out the pretended statement of the assessment of benefits by him upon the real estate which, in his opinion, was benefited by the work so done by him on said ditch, and filed such statement with the auditor of said county; that such assessment of benefits included many tracts of land not assessed for the construction of said ditch as originally made and in no way benefited thereby; that in pursuance of said pretended statement of assessment of benefits, and on no other authority whatever, the county auditor placed such assessments of benefits as special tax assessments on the tax duplicate of

the county, and placed such duplicate in the hands of the defendant Herron, as treasurer of said county, for collection as other taxes; and that such special tax assessments were apparent liens on the lands of each of the plaintiffs. Wherefore, etc.

The question for our decision in this case may be thus stated: Are the facts stated by plaintiffs in their complaint herein, the substance of which we have given, sufficient to constitute a cause of action, or to entitle them to an injunction as against the defendants?

It is manifest from the averments of the complaint, that in the proceedings of which plaintiffs complain, the township trustee acted, or intended to act, under and in accordance with the provisions of section 7 of the drainage act of March 8th, 1883. In that section it was provided that, after the construction of any such work, the trustee of the township in which the same is, or any part thereof, should keep the same, or such part thereof, in proper repair and free from obstructions, so as to answer its purpose, and pay for the same out of the general township fund, and that to reimburse that fund he should apportion and assess the cost thereof upon the lands which would be benefited by such repairs or removal of obstructions, according to such benefits, in his judgment. Acts of 1883, p. 180.

In their brief of this cause plaintiffs' learned counsel earnestly insist that said section 7 of the drainage law of March 8th, 1883, was unconstitutional and void, and, therefore, did not authorize the acts and proceedings of the trustee of Madison township complained of herein. In support of their argument on this point, counsel cite and rely upon *Campbell* v. *Dwiggins*, 83 Ind. 473. The constitutionality of this section of the statute has been considered by this court in a number of recent cases, and it has been uniformly held that such section was a constitutional and valid enactment. *State, ex rel.,* v. *Johnson,* 105 Ind. 463; *Fries* v. *Brier,* 111 Ind. 65; *Trimble* v. *McGee,* 112 Ind. 307; *Weaver* v.

*Templin,* 113 Ind. 298. Adhering, as we do, to the doctrine of the cases cited, the constitutionality of said section 7 can not now be considered as an open question.

In the absence of any showing to the contrary, it must be assumed that the plaintiffs had full notice of the assessments made by the township trustee on their lands, in ample time to have appealed therefrom to the circuit court of Montgomery county, if they were aggrieved thereby. Upon such an appeal, if they had shown that the trustee, under color of making repairs or removing obstructions, had departed materially from the original specifications by widening and deepening the ditch, at an excessive cost, they might have defeated the assessments of benefits, at least to the extent of the excess of cost. *Weaver* v. *Templin, supra.* Not having appealed from the assessments of benefits of which they complain, as the statute provided they might appeal, we are of opinion that plaintiffs can not maintain this collateral suit to be relieved from such assessments.

The drainage law of March 8th, 1883, was repealed by section 13 of the drainage act of April 6th, 1885, after the work mentioned in the complaint was completed, and before the township trustee had filed with the county auditor a statement of his assessments of benefits on plaintiffs' lands. This repealing section contained certain provisos, but it is claimed that none of these provisos are broad enough to authorize the township trustee to make such statement of his assessments of benefits to the county auditor. The language of the provisos is somewhat obscure, but fairly construed it may be inferred therefrom, we think, that the Legislature intended that all assessments for work done under the. laws thereby repealed, should be made and collected according to the provisions of such laws, and should not be affected by such repeal.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed Sept. 22, 1888.