Geiger *et al.* *v.* Bradley, Trustee, *et al.*

Filed Jan. 25, 1889.

---

No. 14,257.

GEIGER ET AL. *v.* BRADLEY, TRUSTEE, ET AL.

DRAINAGE.—*Statute.*—*Repealing Section of Act of April 6th, 1885.*—*Saving Clause.*—Under the repealing section of the drainage act of April 6th, 1885, which repealed the act of March 8th, 1883, all assessments for work done under the latter act were unaffected by the repeal, and were enforceable according to the provisions of the law under which they were made.

SAME.—*Repairs.*—*Assessments.*—*Delay in Making.*—*Effect of.*—Where eighteen months had elapsed from the completion of the repairs till the assessment was made, and it not appearing that the work was not necessary, or that the trustee had acted in bad faith, the assessment was not thereby invalidated, the rights of none of the parties having been changed, and the rights of innocent parties not having been affected by the delay.

From the Jay Circuit Court.

*L. I. Baker, M. S. Williamson* and *W. J. Houck,* for appellants.

*J. W. Headington, J. J. M. La Follette* and *J. M. Smith,* for appellees.

OLDS, J.—This is an action brought by Jacob Geiger *et al.* against John Bradley, trustee of Greene township, Jay county, Indiana, and David F. Hoover, treasurer of said county, to enjoin the collection of assessments made against

the lands of appellants by the trustee of Greene township, and placed on the tax duplicate for collection, under the provisions of section 7 of the act of 1883.   Acts of 1883, page 180.

The complaint alleges that the board of commissioners of Jay county, in 1881, established a ditch in said county, with three branches, extending through Greene and Knox townships in said county, and emptying into Salamonia river; that the ditch was completed according to plans and specifications; that the lands of appellants, together with others not parties to this action, benefited by the construction of said ditch, were assessed for the payment of the costs and expenses of the construction of said ditch and tributaries; that in 1883 one John L. Walker, who was then trustee of Greene township, employed one —— to clean out and put in proper repair said ditch and tributaries, and paid for the cleaning out and repairing of the ditch, out of the funds of the township, $1,350; that to raise the money to reimburse the township funds, Walker, as trustee, apportioned and assessed the estimated costs thereof upon the lands in said township which, in his opinion, would be benefited by such repairs, according to his opinion of the benefits received by each tract, and on the 1st day of April, 1886, without any authority of law whatever, made out a pretended statement of such assessment, and on said day delivered the same to the auditor of said county.   Then follows a copy of the assessment in proper form.   It is then averred that under and in pursuance of said assessment, and on no other authority, said auditor made out a special tax duplicate embracing all the lands included in such pretended assessment, describing the manner they were placed upon the duplicate, and that said auditor on the — day of April, 1886, delivered said duplicate to John T. Hanlin, as treasurer of said county, who delivered the same to appellee Hoover, as his successor; that appellee Bradley was elected trustee as successor to Walker; and that such assessments are an apparent lien and cloud

upon the title to the lands of the appellants, and that said treasurer is about to proceed with said duplicate to collect said taxes or assessments off of the property of said plaintiffs severally, and will collect the same unless restrained. Prayer to have such assessments declared void, and for a perpetual injunction against the treasurer and his successors from collecting the same.

Appellees demurred to the complaint, the demurrer was overruled, and they answered. The error assigned and argued is the overruling of the demurrer to the amended second paragraph of appellees' answer. The amended second paragraph of answer is as follows:

" Said defendants John Bradley, trustee of Greene township, and David F. Hoover, treasurer of Jay county, for their amended second paragraph of answer to the plaintiffs' complaint, say that they admit that the said John L. Walker, named in the complaint as former trustee of Greene township, in Jay county, Indiana, made the repairs, expended the sum of thirteen hundred and fifty dollars of the funds of said Greene township in cleaning out and repairing said ditch, and that he made the assessments on the lands of the plaintiffs in Greene township, and in connection with George Horn, trustee of Knox township, made the assessments on the lands of the plaintiffs and others in Knox township, and that said assessments were certified by the auditor of Jay county, who placed the same on the tax duplicate and placed the duplicate in the hands of the defendant David F. Hoover, treasurer of Jay county, who is seeking to collect the same; but defendants aver that, on the 27th day of August, 1881, a public ditch or drain was duly established by order of the board of commissioners of Jay county, with three branches or tributaries, extending in or through Knox and Greene townships in said county, and emptying into the Salamonia river; that said ditch and its tributaries were made and completed in all respects according to the plans and specifications by said board of commissioners adopted; that the lands of

the plaintiffs herein, together with other lands, were assessed for the construction of said ditch according to the provisions of the statutes in such cases made and provided; that after said ditch was duly completed as aforesaid, to wit, on the — day of October, 1883, said ditch and its tributaries being out of repair and obstructed so as to not answer its purpose, it was reported to be out of repair and obstructed to John L. Walker, then the trustee of Greene township, in said county, who then and there proceeded to employ and did employ —— —— to clean out and properly repair said ditch and its several branches, which repairs were made and completed on the — day of November, 1884, and paid the reasonable costs of such repairs, to wit, the sum of thirteen hundred and fifty dollars, out of the general township funds of said Greene township; that while said proceedings were still pending before said John L. Walker, trustee as aforesaid, and for the purpose of raising money to reimburse said general township fund of said Greene township for moneys so paid out to clean out and repair said ditch, the said John L. Walker, trustee as aforesaid, on the — day of March, 1886, proceeded to apportion the cost of making such repairs upon the lands benefited by such repairs according to such benefits and to the best of his judgment, and he did so apportion and make the assessments set out and mentioned in plaintiffs' complaint, on the lands in said Greene township; and the said John L. Walker, trustee as aforesaid, being of opinion that a part of said expense and costs of repairs should be charged to the lands located in Knox township, in said county, on the — day of March, 1886, the said John L. Walker, trustee of Greene township, and said George Horn, trustee of Knox township, jointly made the assessments on the lands situate in Knox township, as set out and mentioned in the plaintiffs' complaint; that the said John L. Walker, trustee as aforesaid, made a record of such assessments in a record kept in his office, and within five days after making such assessment, posted up written notices thereof in three of the

most public places in each of said townships, and near to the line of said ditch, when said work was done, and noted on the record in his office at the time of posting such notices; that no appeal from said assessments, or any of them, having been taken, the said John L. Walker, trustee as aforesaid, caused the same to be duly certified to the auditor of Jay county, who placed the same on the tax duplicate as required by law, and placed said duplicate in the hands of the defendant David F. Hoover, as treasurer of Jay county, for collection; that no appeal has ever been taken from said assessments, or any of them, and that said assessments are still due and owing from said plaintiffs, and said township has never been reimbursed for said sum expended as aforesaid in the repair of said ditch.

It is urged by counsel for the appellant that this paragraph of answer is bad, by reason of the fact that the act of 1885, approved April 6th, 1885 (Acts of 1885, p. 129), repealed the act of 1883, and that the assessment was made after the passage of the act of 1885, and that there was no saving clause which authorized the trustee to make the assessment under the act of 1883. This same question was considered by this court in the case of *Dunkle* v. *Herron*, 115 Ind. 470, and in that case this court says: " The drainage law of March 8th, 1883, was repealed by section 13 of the drainage act of April 6th, 1885, after the work mentioned in the complaint was completed, and before the township trustee had filed with the county auditor a statement of his assessments of benefits on plaintiffs' lands. This repealing section contained certain provisos, but it is claimed that none of these provisos are broad enough to authorize the township trustee to make such statement of his assessments of benefits to the county auditor. The language of the provisos is somewhat obscure, but, fairly construed, it may be inferred therefrom, we think, that the Legislature intended that all assessments for work done under the laws thereby repealed, should be made

and collected according to the provisions of such laws, and should not be affected by such repeal."

The ruling of the court below on the demurrer is in harmony with the decision in the case of *Dunkle* v. *Herron, supra.*

It is further urged in this case that it was the duty of the trustee to make the estimates and assessments immediately on the completion of the work in making the repairs, in time to be placed upon the tax duplicate appearing next after the completion of the work, and that in this case nearly eighteen months elapsed from the completion of the repairs before making the assessments; that the law did not contemplate so long a delay, and by such delay the rights of purchasers might be affected, and that the law should not be so construed as to allow a lien to be created so long after the making of the repairs.

The statute does not provide within what time after making the repairs the trustee shall make the assessments, but that within five days from making the assessments he shall put up notices. It was no doubt the duty of the trustee to make the assessment within a reasonable time after the completion of the repairs; but in this case it is not shown by the complaint or answer that the rights of any of the parties have been changed, or that the rights of innocent parties have been affected by the delay. It does not even appear that the work was not necessary, and no bad faith is charged against the trustee. The township trustee having paid for the work out of the township funds, we do not think he was estopped by reason of the delay from making the assessment.

There was no error in the ruling of the court in overruling the demurrer to the amended second paragraph of answer.

Judgment affirmed, with costs.

Filed Jan. 25, 1889.