No. 14,437.

THE STATE, EX REL. ELY, DRAINAGE COMMISSIONER, *v.*
THE ÆTNA LIFE INSURANCE COMPANY.

DRAINAGE.—*Act of 1883.*—*Lien of Assessment.*—*Prior Mortgage.*-The lien of
a drainage assessment levied under the act of 1883 (Acts of 1883, p. 173)
is junior to the lien of a pre-existing mortgage.

SAME.—*Personal Liability of Land-Owner.*—The drainage act of 1883 does
not create a personal liability against the land-owner, but the enforcement of the assessment is confined to the land.

MORTGAGE.—*Resort to Property Not Embraced in.*—*Junior Lien-Holder.*—
A mortgagee holding a lien on a single tract of land can not be compelled by a junior lien-holder to resort to property not embraced in his
mortgage.

From the Huntington Circuit Court.

*T. E. Ellison,* for appellant.

*J. T. Alexander* and *J. M. Hatfield,* for appellee.

ELLIOTT, C. J.—On the land involved in this controversy
the appellee obtained a valid mortgage lien on the 21st day
of March, 1882. An assessment was made against the land
for benefits accruing from the construction of a ditch, which
became a lien on the land on the 22d day of April, 1886.
The principal point in dispute is, which has priority, the
lien of the appellee's mortgage or the lien of the assessment?
The statute does not declare that the assessment shall be a

prior lien, but simply provides that the assessment shall "be a lien from the date of filing the report of the commissioners." Acts of 1883, p. 173, section 5.

We do not doubt that it would have been within the power of the Legislature to provide by express words that the lien should have priority over pre-existing mortgages. *Provident Institution* v. *Jersey City,* 113 U. S. 506. But there is no such provision in our statute, and the question is whether the courts can put one there.

We appreciate the force of the appellant's argument, but think it one that should be addressed to the Legislature rather than the courts. We can readily perceive that there are cases in which the adjudication in favor of the priority of a mortgage lien would seriously interfere with the prosecution of a work for the promotion of the public welfare, but the creation of liens and their incidents is a legislative matter, and courts can not create such liens. 1 Jones Liens, sections 97–112.

The statute must determine the character and extent of the lien. 1 Jones Liens, section 105. It is not necessary that it should in express terms declare that the lien shall be a paramount one, for if the intention can be gathered from the general words and purpose of the statute, the courts will give it effect. The statute under consideration does not contain any provision indicating an intention to make the lien paramount to that of a pre-existing mortgage. It makes no provision for bringing the mortgagee into court; but, on the contrary, provides only that the owner shall be made a party. The inference from this is, that the rights of a mortgagee are not affected, since a mortgagee's rights can not be impaired unless he is in court. It is, therefore, apparent that the decision in *Cook* v. *State, etc.,* 101 Ind. 446, is one from which we should not depart, and it is decisively against the appellant.

A mortgagee holding a lien on a single tract of land can not be compelled by a junior lien-holder to resort to prop-

erty not embraced in his mortgage.    2 Jones Mort., section 1628 ; 2 Story Eq. Jur., section 634.

The drainage act of 1883 does not create a personal liability against the land-owner.    The right to enforce the assessment is confined to the land.

Judgment affirmed.

Filed Feb. 2, 1889.