Pierce *et al. v.* The Ætna Life Insurance Company *et al.*

No. 15,561.

PIERCE ET AL. *v.* THE ÆTNA LIFE INSURANCE COMPANY
ET AL.

DRAINAGE—*Act of March 9th, 1875.*—*Lien of Assessment Under.*—*Priority of Mortgage Lien.*—Under the act of March 9th, 1875 (Acts of 1875, p. 97), an assessment for the construction of a ditch is not a lien upon the land benefited superior to a prior mortgage thereon. The act, indeed, contains no provision making the assessment a lien upon the land benefited.

From the White Circuit Court.

*T. F. Palmer,* for appellants.

*G. W. Bushnell, E. B. Sellers* and *W. E. Uhl,* for appellees.

McBRIDE, J.—A question meets us at the threshold of this case which renders unnecessary the consideration of several questions argued by counsel.

This was a suit by the appellee for strict foreclosure of a mortgage on land, which was executed September 12th, 1877. The appellants claim a prior lien on the land by virtue of an assessment for the construction of a ditch. The petition for the location of the ditch was filed July 23d, 1878. The order establishing it was made by the board of county commissioners September 5th, 1878. The statute under which the ditch was constructed was that of March 9th, 1875; Acts of 1875, p. 97. That statute contained no provision declaring assessments liens upon the lands benefited. It provided that the assessments made should be placed upon the tax duplicate and collected as "other taxes," etc. It did not, however, attempt to declare that they were taxes, and it is manifest they were not. Nor did it declare that they should have the lien of taxes. They were simply collected by the same processes and agencies as were used in the collection of taxes. As was said in *State, ex rel.,* v. *Ætna Life Ins. Co.,* 117 Ind. 251, we do not doubt the power of the Legislature to provide that such assessments shall be a lien on lands benefited,

and, also, to provide that the lien shall have priority over pre-existing mortgages. Indeed, there would seem to be much reason for providing that a mortgagee, whose security is enhanced in value by the construction of a public drain, should have the lien of his mortgage subordinated to the lien of a fair assessment for the cost of its construction. Necessarily, however, before the rights of a lien-holder could be thus affected he would be entitled to his "day in court," and the statute in question contains no provision for notice to lien-holders, or to any persons except owners.

We can only declare the law as it is, not as we may think it ought to be. If it is defective, so that the full measure of justice can not be meted out, the remedy must come from the law-making power. In addition to the case above cited, see on the question as to the relative priority of the lien of ditch assessments and mortgages, *Cook* v. *State, etc.*, 101 Ind. 446.

The rights of the appellants were clearly junior and subordinate to those of the appellee.

Judgment affirmed.

Filed April 27, 1892.