Smith *et al. v.* The State, for Use of Dowell, Drainage Commissioner.

---

No. 15,765.

## SMITH ET AL. *v.* THE STATE, FOR USE OF DOWELL, DRAINAGE COMMISSIONER.

DRAINAGE.— *Who May Sue on Assessments.*—A commissioner of drainage, in charge of the construction of a ditch, may sue for and collect so much of the assesment made for the construction of such ditch before the same was referred to him as may be necessary to its construction, and he is not restricted to the assessment made by himself.

From the Grant Circuit Court.

*G. W. Harvey* and *A. DeWolf,* for appellants.

*W. H. Carroll* and *G. Dean,* for appellee.

MILLER, J.—This was an action by the appellee against the appellants to collect an assessment for the construction of a public drain.

The petition for the drain was filed April 29th, 1884, while the act of March 8th, 1883, was in force; and on the 19th day of June, 1885, the work was ordered, and the appellee, as drainage commissioner, was charged with its construction.

As the proceedings for the construction of this drain were pending, when the act of April 6th, 1885, went into effect, they were within the saving clause of the repealing section of that act. Elliott's Supp., section 1196, and the act of 1883, governs the construction of the drain and collection of the assessment. *Claybaugh* v. *Baltimore, etc., R. W. Co.,* 108 Ind. 262; *Dunkle* v. *Herron,* 115 Ind. 470; *Geiger* v. *Bradley,* 117 Ind. 120; *Bohr* v. *Neuenschwander,* 120 Ind. 449.

The appellants demurred to the complaint, their demurrer was overruled, and an answer filed.

The cause was tried by the court, and a finding and judgment rendered in favor of the appellee.

The sufficiency of the complaint is the only question in the case.

Two objections are urged to the complaint:

1st. That no copy of the report of the commissioners making the assessment was filed with the complaint.

In the form in which the transcript was originally certified to this court the complaint appeared to be defective in this respect, but since that time the clerk of the circuit court has, in obedience to a *certiorari*, certified up a copy of the assessment which was properly made a part of the complaint.

2d. That section 4 of the drainage act of 1883, Elliott's Supp., section 1178, provides that a drainage commissioner may, if he so determine, " bring suit in the name of the State of Indiana, for his use as commissioner of drainage, in any court of competent jurisdiction, to enforce a lien upon any tract or tracts of land for the amount so assessed by *him*."

But that the assessment which creates the lien upon the land is the assessment made by the *commissioners* of drainage, as approved or confirmed by the court, and that this act does not authorize the commissioner in charge of the work to sue for the collection of an assessment made by them.

The argument made by the appellants is, in brief, that the provision allowing commissioner of drainage to bring suit was enacted as a part of a previous act, which made it his duty to make the assessment which created the lien; and that the authority to make the assessment having been transferred from him to the commissioners, this provision, as reenacted, is without force.

Such construction should, if possible, be given a statute as will give force and effect to all its provisions, and bring each part into harmony with the other portions of the act.

We are of the opinion that this act is readily susceptible of such construction.

Two assessments are spoken of in the act of 1883, one made by the commissioners of drainage as a body. This is the assessment spoken of in sections 1176, 1177 and 1179, which fixes the maximum amount that can be collected of each land-owner for the construction of the drain; and

which, when confirmed by the court, constitutes the lien upon the lands assessed.

But it is evident that the Legislature contemplated the possibility that it might not require the collection of the whole assessment to pay for the construction of a drain, damages and incidental expenses. It was consequently provided, in section 1178, that the commissioner of drainage, in charge of the execution of the work, should assess, from time to time, upon the lands benefited, ratably, " upon the amount of benefits as adjudged by the court," such sums of money as may be necessary therefor, not exceeding the whole benefits so adjudged upon any one tract, and require the same to be paid in instalments.

In a subsequent part of this same section is found the provisions which authorize the commissioner of drainage to bring suit for the amount so assessed by him.

It is quite evident that authority was given the commissioner of drainage to sue for only so much of the original assessment as he deemed necessary to complete the work and pay the costs and incidental expenses. This construction is the one adopted by the appellees, and the complaint shows that both assessments were made, and that the suit is for only so much of the original assessment as the commissioner in charge of the work deemed necessary for its completion.

We find no defect or infirmity in the complaint.

Some exceptions are taken to the form of the judgment. In order to be available in this court specific objections to the form of a judgment must be made in the trial court, and a ruling made in that court. *Walter* v. *Walter*, 117 Ind. 247 ; *Quill* v. *Gallivan*, 108 Ind. 235 ; *Adams* v. *La Rose*, 75 Ind. 471.

No objection being made to the form of the judgment in the circuit court, there is nothing before us to decide.

Judgment affirmed, with costs.

Filed May 11, 1892.