No. 16,127.

STATE, EX REL. VAWTER, v. LOVELESS ET AL.

LIEN.— *Drainage.—Ditch Assessment.— When Does not Affect Mortgagee.— Mortgage Lien Superior to.*—The lien of a public ditch assessment, upon land affected thereby, can not bind a mortgagee who acquired the title to said land, by his mortgage, free from such assessment, a senior mortgage lien being superior to the lien acquired under the ditch assessment.

From the Tippecanoe Superior Court.

*A. A. Rice* and *W. S. Potter*, for appellant.

*R. P. Davidson*, for appellees.

COFFEY, C. J.—This was an action by the appellant in the court below to enforce the lien of an assessment made in aid of the construction of a public ditch. The errors assigned are:

*First.* That the court erred in overruling the demurrer of the appellant to the second paragraph of the separate answer of the appellee, the Union Central Life Insurance Company.

*Second.* That the court erred in its conclusions of law upon the facts contained in the special finding.

As the question presented by the ruling on the demurrer to the answer named in the first assignment of error is substantially the same as the question presented by the second assignment, they may, with propriety, be considered together.

The material facts in the case, as they are developed by the special finding entered by the court, are that on the 20th day of August, 1881, John A. Laidla, then the owner of the land described in the complaint, mortgaged the same to the appellee, the Union Central Life Insurance Company of Ohio, to secure a loan of three thousand dollars, which mortgage was duly recorded. On the 8th day of January, 1885, Laidla and wife conveyed the land to

Sarah C. Loveless, which deed was duly recorded. On the 26th day of February, 1886, the mortgage debt being unpaid, the insurance company instituted suit upon the same, and on the 1st day of April following, recovered a personal judgment against Laidla for $3,552.32, and obtained a decree of foreclosure against him and Sarah C. Loveless.

At a sheriff's sale on this decree made on the 12th day of June, 1886, the insurance company purchased the land, and on the 14th day of June, 1887, procured a sheriff's deed on such purchase.

The drainage proceedings under which the appellant claims his lien were commenced on the 26th day of May, 1886, and proceeded in regular order until the ditch was completed.

Upon these facts the court stated, as a conclusion of law, that the appellant was not entitled to enforce his lien against the land described in the complaint as against the appellee, the Union Life Insurance Company.

The cases of *Cook* v. *State,* 101 Ind. 446, *State, ex rel.,* v. *Ætna Life Ins. Co.,* 117 Ind. 251, and *Pierce* v. *Ætna Life Ins. Co.,* 31 N. E. Rep. 68, are decisive of the questions involved in this case. It is settled by these cases that there is no provision made by the statute for binding the mortgagee by a drainage proceeding, and that a senior mortgage lien is superior to the lien acquired under the assessment made in aid of a public ditch. It follows that the insurance company, under its mortgage, acquired a title free from the lien which the appellant is seeking to enforce.

Judgment affirmed.

Filed February 21, 1893.