ELLISON ET AL. *v.* BRANSTRATOR, ADMINISTRATOR.

[No. 4,667. Filed January 10, 1905.]

1. JUDICIAL SALES.—*Redemption.*—*Who May Exercise Right.*—Where real estate of two or more owners is sold at judicial sale under a decree of foreclosure of a drainage lien and one of such owners pays the amount due in redemption thereof, and the purchaser at such sale accepts such money, such purchaser is the only person who can raise the question of the right of such part owner to redemption,

Ellison *v.* Branstrator.

and his acceptance of such money estops him from raising such question.  p. 415.

2.  JUDICIAL SALES.—*Redemption.—Right of.—Jurisdiction in Establishment of.*—Where a decree has been rendered in the foreclosure of a drainage lien for the sale of lands of different owners, and a sale made thereunder of such lands, one of such owners has the right to redeem from such sale, and such redemptioner has a lien upon the lands not owned by him for the proportionate part of such cost as against the owners thereof and the junior encumbrancers, and it will be presumed that the court has jurisdiction to construct such drain, and that legal notice was given to all persons interested.  p. 416.

3.  DRAINS.—*Lien.—Priority.*—It can not be assumed that there were no liens superior to a drainage lien in an action involving the title to real estate sold under a decree of foreclosure of such drainage lien.  p. 416.

4.  PARTIES.—*Enforcement of Lien.—Claim of Interest.*—Where a defendant is made a party because, as alleged, he claims some interest, but it is not alleged that such interest is adverse, and no money judgment is sought against him, he is not shown to be a proper party, and his demurrer to the complaint should be sustained, as also should the demurrer of his wife, who is made a party defendant simply because of her being his wife.  p. 417.

5.  SAME.—*Enforcement of Lien.—Holder of Legal Title.*—Where a person is made a defendant in an action to foreclose a lien, simply because he is the holder of the legal title, and there is no showing that such lien can prevail as against such title, and no allegation that such title is junior, inferior or subject to such lien, such defendant is not shown to be a proper party to such action.  p. 417.

From Allen Circuit Court; *Joseph W. Adair,* Special Judge.

Action by Charles W. Branstrator, as administrator with the will annexed of the estate of William Branstrator, deceased, against Thomas E. Ellison and others.  From a decree for plaintiff, defendants appeal.  *Reversed.*

*S. R. Alden,* for appellants.
*Robert Lowry* and *Olds & Doughman,* for appellee.

BLACK, J.—The appellee, Charles W. Branstrator, administrator with the will annexed of the estate of William Branstrator, deceased, by each of his two paragraphs of complaint sought to enforce against a certain parcel of land a lien for an amount paid by the decedent in redemption

of the land from sale under a judgment directing such sale for the satisfaction of the lien of a drainage assessment; the lands so sold consisting of two separate parcels, a portion of each being owned by the decedent at the time of sale and at the time of redemption, each paragraph of complaint relating to one of such separate parcels; it being sought to enforce liens against the portions of such parcels not so owned by the decedent, who had redeemed the entire parcels from such sale. It was shown in each paragraph that at the commencement of this action the title to the portion of each parcel not so owned by the decedent was, as appeared of record, in one of the three appellants (who were defendants), and that another of the appellants was the purchaser at such sale, and had received the redemption money, and that he was claiming some interest in the lands; the third appellant being his wife.

It is, in substance, objected that the existence of a common burden upon the lands of the decedent and the lands against which it was sought in this suit to enforce a lien was, in the complaint, made to rest on the decree foreclosing the drainage assessment, without showing independently the existence of the drainage lien; that the appellants not being parties to such decree foreclosing the drainage lien, and not being shown to have derived title from any party to that decree, were not estopped thereby; also, that it was not shown that the persons notified by publication of the proceeding of the drainage commissioner to enforce the drainage assessment had, in truth, any title to any part of the land.

The paragraphs of complaint were alike, except as to the parcels of land involved. In the first paragraph it was shown that on December 10, 1887, and long prior thereto, and up to the time of his death, May 4, 1900, the decedent, William Branstrator, was the owner in fee simple of certain real estate, described, in Allen county, Indiana, being thirteen and fifty-four-hundredths acres of land; that on

the day first mentioned, in a cause then pending in the superior court of that county, wherein the State of Indiana, on the relation of Edward Ely, as drainage commissioner, was plaintiff, and Robert Norton, Henry P. Norton, Sarah Pomeroy and William Branstrator were defendants, "said defendants being the parties in the names of either or all of whom the lands hereinafter mentioned were described as being the owners in the last duplicate and record of transfer kept by the auditor of said county, preceding the filing of the petition and institution of the proceedings in pursuance of which the judgment hereinafter mentioned and described was rendered upon a petition of the plaintiff therein on the relation of said Ely, therein filed, after said defendants had been duly brought into court by due and proper service of process and publication of notice as to them, a decree was rendered by said superior court in favor of said plaintiff therein, wherein it was declared that said plaintiff therein held a lien from the 18th of July, 1883, for the sum of $401.25, on" certain land described, in said county, "of which that first herein described as belonging to the plaintiff herein forms a part;" that, by the terms of said decree, said real estate, or so much thereof as might be necessary for that purpose, was ordered and directed to be sold by the sheriff of that county, as other lands are sold upon executions issued upon judgments at law, without relief from valuation or appraisement laws, to satisfy said lien; that on January 17, 1888, an order of sale was duly issued upon said decree to a person named, then sheriff of said county, who thereupon, pursuant to said order of sale, duly advertised for sale said real estate therein described, and pursuant to said advertisement and the terms of said order of sale, on February 11, 1888, after first offering for sale the rents and profits thereof for a term not exceeding seven years, and receiving no bid therefor, he offered for sale at public auction the fee simple of said land described, and the defendant Thomas E. Ellison (one of the appellants) having bid there-

for the sum of $483.27, and that being the highest and best bid therefor, said sheriff openly struck off and sold the same to said Ellison for that sum, and issued to him a certificate of purchase entitling him to a deed therefor in fee within one year from the date of said sale, if said real estate should not be redeemed within that time; that the decedent, William Branstrator, as owner aforesaid of part of the real estate, February 2, 1889, redeemed said real estate described from said sheriff's sale to said Ellison, by paying to the clerk of the circuit court of said county the sum of $521.95, which entire sum was afterward paid by said clerk to said Ellison, and by him received; and by means of said redemption said William Branstrator acquired a lien upon that part of said real estate not owned by him, for its proportionate share of said sum of $521.95, from February 2, 1889, together with interest at the rate of eight per cent. per annum, which said sum has not, nor has any part thereof, been repaid to plaintiff or his said decedent. The portion of the land not owned by Branstrator is then described by metes and bounds, containing seventeen and twenty-eight-hundredths acres; and it is alleged that the title to this portion of the land, at the time of the commencement of this action was, and now is, as appears of record, in the defendant Rollin Ellison (one of the appellants); that Thomas E. Ellison and another person named (but who filed a disclaimer and is not a party here) claimed some interest in the real estate, and that another person named (also an appellant) was the wife of said Thomas; that the proportion of the principal of said redemption money so paid and chargeable against the tract last described was $292.55, and the interest due thereon was $400; "wherefore plaintiff demands judgment of foreclosure of said lien for the sum of $1,200, and all other proper relief."

In section five of the statute of 1881 concerning drainage, among the methods provided for the collection of the assessments by the drainage commissioner, was the following:

"He may, if he so determine, bring suit in the name of the State of Indiana, for his use as commissioner of drainage, in any court of competent jurisdiction, to enforce a lien upon any tract or tracts of land for the amount so assessed by him; and all judgments obtained in such cases may include reasonable attorney's fees for services in prosecuting the same, and shall be without relief from valuation or appraisement laws," etc. §4277 R. S. 1881. In the amendment of this section in 1883 this provision was not changed. §1178 Elliott's Supp. 1889, Acts 1883, p. 173.

In section five of the drainage statute of 1885 was substantially the same provision, with the addition thereto that such judgment obtained by the drainage commissioner "shall not be a lien on any other real estate belonging to the owner of such tract; nor shall any other property than the lands so assessed be sold to satisfy such judgment, and lands sold upon such judgment or decree may be redeemed at any time within one year from the date of such sale, in the same manner as is provided by law for the redemption of real estate sold on execution." §5626 Burns 1894, Acts 1885, p. 129, §5. By section thirteen of the last-mentioned statute (§5646 Burns 1894, Acts 1885, p. 129) the statutes of 1881 and 1883, before mentioned, were repealed, with a proviso that "where application has been made or proceedings are pending, or works for the purpose of drainage are in course of construction under said acts, the same may be carried on and completed, and assessments therefor collected according to the provisions of said acts, and shall not be affected by this act." See *Dunkle* v. *Herron* (1888), 115 Ind. 470; *Smith* v. *State, ex rel.* (1892), 131 Ind. 441.

1. The suit in which the lien of the assessment against the tracts of land was enforced and the judgment was rendered under which the lands were sold, was a suit in a court of general superior jurisdiction, upon which jurisdiction of the subject-matter was conferred by the statute, which did not prescribe any special mode of procedure, but left the

cause to proceed in the manner ordinarily pursued in such a court in such a cause. It does not appear that the record of the cause disclosed a want of jurisdiction of the persons of the defendants Robert Norton, Henry P. Norton, Sarah Pomeroy and William Branstrator, and the jurisdiction over these defendants can not be questioned in a collateral proceeding.

The question as to the right of Branstrator to redeem from the sheriff's sale can not be raised in this case; the purchaser at that sale, who alone could have raised such question, having accepted the redemption money, as such, from the clerk to whom it was paid by Branstrator for the redemption of the land.

2. The redemptioner had a right to enforce a lien against the land not owned by him, for its proper portion of the burden discharged by him, as against owners, junior encumbrancers and purchasers, whose interests in the land were subject to the drainage lien. It does not appear who were made defendants, or to whom notice was given in the drainage proceeding. The defendants in the foreclosure suit are named in the complaint before us, but it is not made to appear that they or any of them were parties to the proceeding for the construction of the drain. That proceeding, whereby the lien foreclosed as above stated was created, is not subject to attack in this suit; and we must presume, for the purposes of this case, that the lien for drainage on the land in question was properly created, and that there was some notice of the drainage proceeding—notice sufficient as against collateral attack.

3. If we may assume that there was sufficient notice for the creation of a drainage lien superior to the rights of all owners or persons claiming legal title at or before the date of the attaching of the lien, yet it may not be said that there could not have been any liens upon the lands paramount to the drainage lien.

In *Killian* v. *Andrews* (1892), 130 Ind. 579, it was held that one to whom land was sold under a drainage assessment could not assert a lien upon the land in opposition to another holding title under the foreclosure of a mortgage existing before the creation of the drainage lien; the lien of the drainage assessment being held to be subordinate to the lien of the preëxisting mortgage. See *Cook* v. *State, ex rel.* (1885), 101 Ind. 446; *State, ex rel.,* v. *Aetna Life Ins. Co.* (1889), 117 Ind. 251; *State, ex rel.,* v. *Loveless* (1892), 133 Ind. 600.

4.   The defendants in the suit at bar (the appellants) were not parties to the suit for the enforcement of the drainage lien.   As to the appellant Thomas E. Ellison, it is not alleged that he is making any claim under his purchase from which the appellee's testator redeemed; it is shown that he acquiesced in the redemption.   No money judgment is sought, and no cause of action for a money judgment is stated.   One of the appellants was made a defendant for the reason alone that she was the wife of Thomas E. Ellison, and of him it was alleged, as the reason for making him a defendant, that he claimed some interest in the real estate. It is not stated nor shown that he claimed an interest adverse to that of the appellee, nor that he had or claimed an unfounded interest, or one junior or inferior to that of the appellee.

5.   As to the other appellant, it is alleged as the reason for making him a party, that the title to the land against which it is sought to enforce the appellee's lien, at the time of the commencement of this action was, and now is, as appears of record, in that appellant.   It is not shown that his title is not one against which the appellee's lien can not prevail, nor that it is junior or inferior or subject to the lien of the appellee.   What is said of the appellants might all be true as stated, and yet there might not be any ground for enforcing the appellee's lien as against the interests of the

appellants in the land. They are not shown to have or claim any interest in the subject-matter of this suit.

Judgment reversed, and cause remanded, with instruction to sustain the demurrers of the appellants to the complaint.