CHARLES SHALER

*v.*

JOHN McALEESE et ux.

[Submitted November 7th, 1907.   Decided November 9th, 1907.]

1. The statutory authorization of a street improvement assessment, levied because of benefits received by property adjacent to a public street which has been improved, being an exercise of the sovereign prerogative of taxation, any statutory construction seeking an ascertainment of legislative intent must necessarily have especial regard to the public necessities on which the exercise of the power is based.

2. The legislature may provide that the lien of a tax or street improvement assessment shall have priority over liens or encumbrances existing prior to the inception of the statutory lien.

3. Under act of March 24th, 1897, section 58 (*P. L. 1897 p. 46*), as amended by act of March 30th, 1900 (*P. L. 1900 p. 42*), making a street improvement assessment in certain cities a first lien upon land assessed from the confirmation of the assessment, and under section 59 of the 1897 act (*P. L. 1897 p. 75*), providing for the redemption of land sold under such an assessment by any mortgagee or by any person having an estate therein, a street improvement assessment is superior to that of all other liens or encumbrances, whether they are prior or subsequent in time to the date of the confirmation of the assessment.

On bill to foreclose.

The bill is filed to foreclose a mortgage against certain real estate in Ocean City. The answer raises the question whether the lien of a certain street improvement assessment which was assessed by Ocean City against the mortgaged premises after the mortgage had been executed and recorded operates as a lien paramount to that of the mortgage. The legislative act under which the assessment was made was passed prior to the execution of the mortgage.

*Mr. James M. E. Hildreth,* for the complainant.

*Messrs. Thompson & Cole,* for the defendants.

LEAMING, V. C.

The statutory authorization of a street improvement assessment, levied by reason of benefits received by a property adjacent or near a public street which has been improved by a municipality, being an exercise of the sovereign prerogative of taxation, any statutory construction seeking the ascertainment of legislative intent must necessarily have especial regard to the public necessities on which the exercise of the power is based. *Sigler* v. *Fuller, 34 N. J. Law (5 Vr.) 227, 230; Agurs* v. *Newark, 35 N. J. Law (6 Vr.) 168, 171.* It is well settled that it is within the legislative power to provide that the lien of a tax or street improvement assessment shall have priority over liens or encumbrances existing prior to the time of the inception of the statutory lien. *Morrow* v. *Dows, 28 N. J. Eq. (1 Stew.) 459, 463; Trustees* v. *Trenton, 30 N. J. Eq. (3 Stew.) 667, 676; Vreeland* v. *O'Neil, 36 N. J. Eq. (9 Stew.) 399; S. C., Vreeland* v. *Jersey City, 37 N. J. Eq. (10 Stew.) 574; S. C., Providence Institution* v. *Jersey City, 113 U. S. 506.* The opinion of Mr. Justice Davis, in *Osterberg* v. *Union Trust Co., 93 U. S. 424,* appears to proceed upon the theory that prior encumbrances are subordinated to the lien of a tax assessment unless it is otherwise directed by the statute under which the tax is levied, but in this state it has been uniformly held that the lien of a tax or street improvement assessment created by a statute will not have that effect unless such a legislative purpose is clearly manifest by the terms of the act. *Dows* v. *Drew, 27 N. J. Eq. (12 C. E. Gr.) 442, 444; Morrow* v. *Dows, 28 N. J. Eq. (1 Stew.) 459, 464; Trustees* v. *Trenton, 30 N. J. Eq. (3 Stew.) 667, 679.*

The assessment here in question was levied pursuant to the terms of the act of March 24th, 1897 (*P. L. 1897 p. 46*), as amended. As amended March 30th, 1900 (*P. L. 1900 p. 42*), section 58 of the act provides that

"all such assessments * * * shall be and become a first and paramount lien upon the land and real estate so assessed from the date of confirmation of said assessment until the same shall be paid."

Bearing in mind that assessments of this class are not burdens imposed on an individual for governmental ends, but spring from

special benefits conferred upon the particular land which is charged with the lien by reason of the construction of an authorized public work, and also the imperative necessity that the expenditures so made shall be collected from the land benefited to the extent of the benefits so conferred, I think the language of the act above quoted clearly manifests a legislative purpose that the lien of the assessment shall be superior to that of all other liens or encumbrances, whether such other liens or encumbrances are prior or subsequent in time to the date of the confirmation of the assessment. If the lien of a mortgage which is executed and recorded prior to the date of the confirmation of the assessment is to be regarded as paramount to that of the assessment, it is manifest that in many cases the collection of the assessment must be rendered impossible. The necessities which give character to the legislation forbid the assumption of such a legislative purpose.

But if any doubt may be said to exist as to the force of the language of the act above quoted, such doubts are removed by an examination of the subsequent provisions of the act. Section 59 of the act makes specific provisions for the redemption of the land sold under the assessment by any mortgagee of the land or by any person having an estate therein. This provision clearly manifests the legislative purpose to make the lien of the assessment paramount to that of a pre-existing mortgage. No satisfactory reason can be found for this provision upon any other theory. In the language of Justice Dodd, speaking for the court of errors and appeals, in *Paterson* v. *O'Neill, 32 N. J. Eq. (5 Stew.) 386, 388:* "If his estate (that of the prior mortgagee) were intended to be left unaffected by and paramount to the tax, why should he need to redeem. Why redeem or buy back what had not been sold away." This court has repeatedly treated the existence or absence of similar redemption clauses in similar acts as manifesting the legislative intent in the respect here under consideration. *Hopper* v. *Malleson, 16 N. J. Eq. (1 C. E. Gr.) 382, 388; Dows* v. *Drew, supra; Vreeland* v. *O'Neil, 36 N. J. Eq. (9 Stew.) 399, 401; Hand* v. *Startup, 38 N. J. Eq. (11 Stew.) 115, 117.*

I will advise a decree to the effect that the lien of the assessment is paramount to that of the mortgage.