Eccles, Artesian Well Supervisor, v. Will, 23 N. M., 623

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

PARKER and ROBERTS, JJ., concur.

(No. 2057.   January 21, 1918.)

ECCLES, Artesian WellSupervisor, v. WILL.

### SYLLABUS BY THE COURT.

The lien authorized by section 266, Code 1915, for the expense incurred for repairs and work upon an artesian well, in preventing the waste of water by such well, does not take precedence over a prior recorded mortgage; the statute being silent upon the question.  Such a lien is not a tax, based upon the theory of benefits, but is for the cost and expense of doing an act which it was the legal duty of the owner to do, and which he failed to do, and is referable to the police power.

Error to District Court, Chavez County; McClure, Judge.

Proceeding by W. R. Eccles, Artesian Well Supervisor of Chaves County, against A. O. Will.  From a judgment of the district court giving precedence to the lien of defendant's mortgage over the statutory lien, the plaintiff brings error.  Affirmed.

See, also, 167 Pac. 726.

K. K. Scott and C. O. Thompson, both of Roswell, and R. C. Dow, of Carlsbad, for plaintiff in error.

Mortgage lien is not superior to lien of Supervisor in expending money in making well repairs.  Secs. 265, 266 Code 1915.  Secs. 3319 and 3322 Code 1915.

L. O. Fullen and W. A. Dunn, both of Roswell, for defendant in error.

Statute does not fix priority of well lien, and consequently it takes effect according to conditions

existing at time it is·perfected, and does not displace prior liens on the property.

Williams v. Santa Clara M. Co. 5 Pac. 85; Sterns-Rogers Co. v. Aztec Co. 14 N. M. 300; Cleveland v. Bateman, 21 N. M. 675; State v. Aetna L. Ins. Co. 20 N. E. 144; Cook v. State, 101 Ind. 446; Killian v Andrews, 30 N. E. 700.

## OPINION OF THE COURT.

ROBERTS, J.  This writ of error was sued out for the purpose of reviewing the action of the trial court in holding that defendant in error's mortgage was superior to the lien authorized by section 266, Code 1915. This section of the statutes is a part of a chapter which regulates artesian wells, and authorizes the artesian well supervisor, therein provided for, to make repairs upon artesian wells, or to plug the same in certain cases. The section reads:

"The expenses incurred for the repairs of work aforesaid shall become a lien on the land, where such well or reservoirs are situated, and upon such well or reservoir, and the artesian well supervisor within twenty days after the completion of said repairs or work upon any well or reservoir, shall file for record with the county clerk of the county in which said land, well or reservoir is situated, a statement of the expenses or the amount thereof, the name of the owner or the reputed owner of the land, well or reservoir, and a description of the land, well or reservoir, to be charged with the lien, sufficient for the identification, which claim must be verified by the oath of the artesian well supervisor."

The next section provides for the recording of the lien by the county clerk, and section 268 authorizes the well supervisor to foreclose the lien, and provides:

"And the procedure therefor shall be the same as provided by law for the sale of real estate under foreclosure of mortgage."

The statute was construed by this court in the case of W. R. Eccles, Artesian Well Supervisor, etc., v. E. P. and C. G. Ditto, 167 Pac. 726, and this writ of error is prosecuted by the well supervisor to review the action of the district court in that case in giving precedence to the lien of defendant in error's mortgage

over the statutory lien. The mortgage was executed and recorded prior to the making of the repairs. In this state it is well settled that a mortgage is merely a lien on, and passes no estate or interest in, the mortgaged premises. Stearns-Roger Co. v. Aztec Co., 14 N. M. 300, 93 Pac. 706; Cleveland v. Bateman, 21 N. M. 675, 158 Pac. 648. The priorities of statutory liens are generally regulated by the statutes creating them (25 Cyc. 679), and where the statute authorizes the lien, and provides for its filing in the office of the county recorder, but is silent as to its priority, it takes effect from the date it is so filed, unless the statute makes it effective from the time the work is commenced, or other act done, and it does not take precedence over a prior recorded mortgage or other lien, unless so provided by statute. A statutory lien cannot be given priority over a mortgage existing and of record before the enactment of the statute creating the lien. 25 Cyc. 679.

Some courts place the lien of an assessment, imposed by proper authority in return for special benefits conferred upon property by an improvement of a public character for the expense of making such improvement, in the same class as an ordinary statutory lien, such, for example, as a mechanic's lien, and hold that such a lien has only such priority as the statute gives to it. State ex rel. Ely, Drainage Commissioners, v. Aetna Life Insurance Co., 117 Ind. 251, 20 N. E. 144; Killian v. Andrews, 130 Ind. 579, 30 N. E. 700; Pierce v. Aetna Life Ins. Co., 131 Ind. 284, 31 N. E. 68; State ex rel. Vawter v. Loveless, 133 Ind. 600, 33 N. E. 622; Morey v. City of Duluth, 75 Minn. 221, 77 N. W. 829; Shaler v. McAleese, 73 N. J. Eq. 536, 68 Atl. 416; and note to case of Baldwin v. Moroney, 30 L. R. A. (N. S.) 762. Other courts hold, however, that an assessment for local improvements is in the nature of a tax, and, when duly and properly made, is superior in dignity to all other liens on the land on which it is assessed. City of Richmond v. Williams & Bowe, Trustees, 102 Va. 733, 47 S. E. 844; Lybass v. Town of Ft. Myers, 50 Fla. 817, 47 South.

346; and see note to Morey Eng. Co. v. St. Louis Art. Ice Rink Co., Ann. Cas. 1913C, 1200.

A special assessment for benefits is a form of tax and is referable to the power of taxation (Page & Jones, Taxation by Assessment, §5), while an assessment (so called for want of a better name), levied to reimburse the public corporation for the cost of performing some act which the owner of the realty assessed is bound by law to perform, but which he omits or refuses to do, does not rest upon any theory of benefits conferred, and is not necessarily a form of taxation. It constitutes an exercise by the Legislature of the police power as distinct from the taxing power. Page &. Jones, Taxation by Assessment, Sec. 9 and 89.

An assessment levied upon property in return for benefits, presumptively benefits the property assessed to the extent of the tax, hence does not impair the security of the prior mortgage which the tax supplants; but an assessment laid, or a lien created, under the police power, in favor of a public agency, for doing something for the owner which he fails and refuses to do, and which the law makes it his duty to do, may not benefit the property upon which the assessment is laid or the lien created, and hence the lien should not be construed as having precedence over a prior recorded mortgage, unless the statute clearly gives to it such priority. The reason for the rule is obvious. Section 5504, Code 1915, gives to the mortgagee of real estate the right to pay the taxes on the real estate, where the owner fails and refuses to do so, and the taxes so paid may be recovered by the mortgagee under the lien of his mortgage. The assessment here levied not being a tax, the mortgagee would not be protected by his mortgage lien should he pay it off. Again, the holder of the prior mortgage is given no notice of the intended improvements upon the well, and has therefore no opportunity of protecting his security by making the repairs or plugging the well, nor would any such expense become a part of his mortgage debt.

We therefore hold that the lien authorized by sec-

tion 266, Code 1915, for the expense incurred for repairs and work upon an artesian well, in preventing the waste of water by such well, does not take precedence over a prior recorded mortgage; the statute being silent upon the question.

The judgment of the district court will therefore be affirmed, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

SYLLABUS BY THE COURT.